[Criminal No. 632. Filed November 8, 1926.]

[250 Pac. 366.]

## ROY REIDHEAD, Appellant, v. STATE, Respondent.

Messrs. Sapp & McLaughlin and Mr. W. E. Ferguson, for Appellant.

Mr. John W. Murphy, Attorney General, Mr. Earl Anderson and Mr. Frank J. Duffy, Assistant Attorneys General, and Mr. P. A. Sawyer, County Attorney, for the State.

LOCKWOOD, J.—Roy Reidhead, hereinafter called defendant, was informed against in the superior court of Navajo county for the crime of rape, alleged to have been accomplished with force and violence upon the person of one Vinnie Gardner, hereinafter called

prosecutrix. He was tried before a jury, which found him guilty, and he has prosecuted his appeal to this court.

There are some nine assignments of error, but we are of the opinion that we need consider only one of them, to wit, that the evidence is insufficient to support the verdict. The information in this case alleges that the intercourse was accomplished "without the consent and against the will of the said Vinnie Gardner, and she, the said Vinnie Gardner, then and there resisted the accomplishment of said act of sexual intercourse, but her resistance was then and there overcome by force and violence used upon and against the said Vinnie Gardner by said defendant."

At the trial defendant took the stand in his own behalf, and admitted the sexual intercourse, but claimed it was with the full consent of the prosecutrix. We do not think it is necessary to go into the details of the evidence. Since under an assignment of this nature each case must be decided on its own facts, it would be of no value as a precedent, and would merely encumber the reports with a quantity of salacious matter. The prosecutrix testified positively that the sexual act was completed under certain circumstances and against her utmost resistance. While the defendant admitted the intercourse, there was absolutely no corroboration of the alleged force. On the contrary, the other evidence in the case tends rather to confirm defendant's story than that of the prosecutrix.

It is not always necessary in order to sustain a conviction of rape that the testimony of the prosecutrix should be corroborated. *Curby* v. *Territory,* 4 Ariz. 371, 42 Pac. 953; *Trimble* v. *Territory,* 8 Ariz. 273, 71 Pac. 932. But, as has often been said, following the admonition of Lord Hale:

"This is an accusation easy to be made and hard to be proved, and harder to be defended by the party accused, though ever so innocent."

And when a verdict of guilty is returned on the evidence of the prosecutrix alone, her story must be reasonable, consistent and not inherently impossible or improbable to a degree that would make it incredible to the ordinary man. *People* v. *Benson,* 6 Cal. 221, 65 Am. Dec. 506; *State* v. *Connelly,* 57 Minn. 482, 59 N. W. 479; *Price* v. *State,* 36 Tex. Cr. Rep. 143, 35 S. W. 988; *People* v. *Ardaga,* 51 Cal. 371; *State* v. *Baker,* 6 Idaho 496, 56 Pac. 81; *Mares* v. *Territory,* 10 N. M. 770, 65 Pac. 165; *Champagne* v. *Hamey,* 189 Mo. 709, 88 S. W. 92; *Curby* v. *Territory, supra.*

As is well said by the Supreme Court of Oklahoma in the recent case of *Witt* v. *State* (Okl. Cr. App.), 233 Pac. 788:

"The charge is one that arouses the passions and prejudices of jurors, and for that reason it is the duty of the court to closely scrutinize the evidence, and where the evidence of the state is unreasonable, inconsistent, and contradictory, and there is inherent evidence of improbability or indications that the prosecution is maliciously inspired, the court should not permit a conviction to stand."

The information charges the offense was committed by force and violence, and there is no pretense the will of the prosecuting witness was overcome by fear of any kind. Under such circumstances the female must resist to the utmost of her ability, and such resistance must continue till the offense is complete. *Curby* v. *Territory, supra; Richards* v. *State,* 36 Neb. 17, 53 N. W. 1027; *Brown* v. *State,* 127 Wis. 193, 7 Ann. Cas. 258, 106 N. W. 536.

Each member of this court has carefully read the entire evidence in the case, and we are all firmly of the opinion it is a physical impossibility that defend-

ant could have completed the offense charged against the determined and continued resistance of the prosecutrix, under the circumstances testified to positively by her. Such being the case, much as we regret to disturb the verdict of a jury, and reprehensible as the conduct of appellant was, according to his own statement, we are decidedly of the opinion there is not sufficient evidence to sustain the verdict, and on the record it does not appear likely that sufficient further testimony on behalf of the state could be secured.

For the foregoing reasons, it is ordered that the judgment of the superior court of Navajo county is reversed and the case remanded, with instructions to dismiss the information and discharge the defendant.

McALISTER, C. J., and ROSS, J., concur.