[Criminal No. 726.   Filed December 23, 1930.]

[294 Pac. 271.]

R. W. AINSWORTH, Appellant, v. STATE, Respondent.

Messrs. O'Sullivan & Morgan, for Appellant.

Mr. K. Berry Peterson, Attorney General, Mr. Arthur T. La Prade, Assistant Attorney General, and Mr. W. E. Patterson, County Attorney, for the State.

LOCKWOOD, C. J.—R. W. Ainsworth, hereinafter called defendant, was convicted in the superior court of Yavapai county on an information which charged the crime of statutory rape, and has appealed from the judgment and sentence rendered thereon. There are some twelve assignments of error, but we shall consider only those necessary to a proper disposition of the case.

We examine first the one that the evidence does not sustain the verdict. There was very little dispute between defendant and prosecuting witness as to the actual facts in the case, except upon two points. She testified to certain acts of intercourse with defendant, claiming they were accomplished by force and violence, and against her will. He admitted the intercourse, and agreed substantially with her as to the general circumstances thereof, but claimed it was entirely voluntary on her part. They differed, also, as to the date of the transactions, prosecutrix placing them in the spring of the year 1928, while defendant insisted they occurred in 1929. If prosecutrix was correct in her date, the evidence sustains the conviction; if defendant, on the other hand, told the truth on that point, he was entitled to an acquittal.

We have examined the evidence carefully and, after some hesitation, have come to the conclusion that there is sufficient as a matter of law in the record to sustain the verdict. On the other hand, we are equally of the opinion that the decided weight of the evidence was in favor of the story of defendant. The prosecuting witness was contradicted in almost every detail of her story by which she endeavored to fix the date of the alleged intercourse by other disinterested witnesses. She is corroborated on that point only by certain testimony of her sister, and even this is fairly susceptible of an explanation consistent with defendant's account of the transaction. Nevertheless, under our rule that we will not reverse a case merely

because in our opinion it is against the weight of the evidence, we are compelled to hold that the assignment of error that the evidence is not sustained by the verdict is not well taken. The case of *Reidhead* v. *State,* 31 Ariz. 70, 250 Pac. 366, relied on by defendant, is not in point, for in that case the evidence of prosecutrix stated, in our opinion, a physical impossibility, while in this case the story of the prosecuting witness was not of itself improbable, the doubt as to its truth being raised by the contradiction of various collateral statements of hers.

But the very fact that the weight of the evidence is against the state's theory of the case necessarily causes us to examine with more than usual care the other assignments of error. When the unquestioned weight of the evidence supports a verdict, technical errors in the admission and rejection of evidence are frequently held by the courts to be without prejudice. When, however, the situation is like that of the case at bar, such errors are far more important, for it may be that they have turned the scales against defendant. *Woodson* v. *State,* 30 Ariz. 448, 247 Pac. 1103.

One of the errors assigned is that the trial court sustained the objections made by the county attorney to certain questions propounded to the prosecutrix on her cross-examination, regarding her attitude toward defendant's family after the time she alleges the offense was committed, and particularly in refusing to require her to answer the question as to whether she had not written to defendant's wife for permission to visit his family, and in rejecting the offer of such letters in evidence. The court sustained these objections on the ground that the evidence was immaterial. We are of the opinion this was error. If the testimony of the prosecuting witness was true in all its details, it is extremely improbable, judging from human experience, that she would have desired to visit defendant's home after his alleged conduct towards

her, and the evidence might well have been considered by the jury as bearing upon the credibility of her story.

The next assignment of error which we consider is that the court permitted the state to show in rebuttal by a certain witness an alleged conversation which took place a few days before the trial of the case, between defendant's wife and one Janes. The substance of the conversation testified to by the witness was that defendant's wife said to Janes she was looking for witnesses, and he told her that he would not swear to a lie for anyone. The Attorney General admits it was error to permit this evidence in the absence of any foundation being laid for the impeachment of defendant's wife when she was on the stand, but urges the error was not prejudicial for the reason that she subsequently took the stand and explained the conversation. This perhaps might be true, if the weight of the evidence supported the verdict, but on the entire record we are of the opinion the jury might well have believed from the testimony erroneously admitted that defendant's wife was endeavoring to suborn perjury in favor of her husband, and that this might have determined the verdict against him.

There are several other errors assigned, but on a new trial of the case we presume that the questions presented thereby will not arise again, so we need not consider them.

For the foregoing reasons the judgment of the superior court of Yavapai county is reversed and the cause remanded for a new trial.

McALISTER and ROSS, JJ., concur.