174 P.2d 622

**STATE v. UPTON.**

No. 963.

Supreme Court of Arizona.

Nov. 25, 1946.

Louis B. Whitney and Fred A. Ironside, Jr., both of Phœnix, for appellant.

John L. Sullivan, Atty. Gen., and William P. Mahoney, Jr., Asst. Atty. Gen., for appellee.

STANFORD, Chief Justice.

Before we offer the statement of facts it is proper that we state that counsel who appeared in this court to assist this appel-

lant did not represent defendant in the trial court.

The appellant herein, hereinafter referred to as defendant, was charged in the superior court with the crime of statutory rape, a felony, upon a girl fifteen years of age. Defendant pleaded not guilty to the charge. A jury returned a verdict of guilty. Thereafter defendant's motion for new trial to set aside the verdict was denied.

The act complained of was claimed to have been committed between four and four thirty o'clock on the morning of June 3, 1945, in the trailer of the defendant, at which place the prosecutrix lived with the defendant and his wife for some four weeks before the incident in question. During the night of June 2nd the prosecutrix went out on a party that lasted through June 2nd and ended in the early morning of June 3, 1945. Included in the party were the appellant, Robert Upton, and his wife and others. The group visited several night spots during the evening. The party broke up shortly after one o'clock on the morning of June 3rd. The prosecutrix slept on an army cot and it was procured and placed in the trailer isle a few feet from the davenport where Mr. and Mrs. Upton slept. The prosecutrix and Gertrude Upton, the wife of defendant, returned to the trailer and went to bed, the defendant having remained at Kenneth Poor's place near by. The prosecutrix fell asleep and the next thing she remem-

bered was a vivid dream of "having pains in my stomach." Because of certain pains she was having she was awakened to find defendant on top of her. The prosecutrix pushed defendant back and a discussion followed during which time defendant pleaded with her not to mention the incident to his wife, who was sleeping one to two feet away and not awakened by the noise or lack of it. Prosecutrix thereafter went to the bathroom some distance away and found blood on a piece of toilet tissue which she used. She returned to the trailer, dressed and hurriedly went to the apartment of her father and stepmother and related to them the story. The father and his wife went promptly to the trailer where they found the lights on but Upton was not there and Gertrude Upton, his wife, was still asleep.

Defendant contended that he never entered the trailer after leaving the home of Kenneth Poor early in the morning of June 3rd, but instead went directly to his car and drove off to a brother's home in order to promote a fishing party.

The three assignments presented by defendant are in substance (1) the evidence was insufficient to justify conviction; (2) the evidence disclosed by the uncorroborated testimony of prosecutrix as to the commission of the crime was inherently impossible, improbable and incredible; (3) the defendant did not have a fair and impartial trial as required by the constitutions of our state and nation.

In support of defendant's first assignment of error he states:

" * * * the only evidentiary facts, from which the essential ultimate fact can be found, is the following testimony elicited from the prosecutrix at the clear suggestion of the Deputy County Attorney:

"Q. What is the next thing you remember? A. When I was dreaming?

"Q. What were you dreaming? A. Of having pains in my stomach.

"Q. Just go ahead, tell us what happened. A. I was just dreaming I was having pains in my stomach and all at once I had a real sharp pain like something pushing me, and I woke up and I went to grab my stomach, and as I did, Robert Upton was there, and he went back and I guess to catch his balance he grabbed my shoulders, and he was.

\* \* \* \* \* \*

"Q. This pain, do you know what caused that? A. I do now.

"Q. What was it? A. Robert Upton.

"Q. What do you mean it was Robert Upton; explain to the jury what happened. A. You mean come right out and say it?

"Q. Yes. A. He tried to take advantage of me, is the way I could put it.

"Q. Did he have his privates in your privates at that time? A. Yes."

Defendant complains that the foregoing testimony was elicited by the county attorney by leading questions so that the witness could answer the questions propounded by merely assents, and the value of the evidence therefore is lessened. As authority for this defendant cites the case of Hoffman v. Buckingham Transp. Co. of Colorado, Inc., 9 Cir., 98 F.2d 916; 32 C.J.S., Evidence, § 1036, p. 1079, and the dissenting opinion of our Justice LaPrade in the case of Guldin v. State, 63 Ariz. 223, 161 P.2d 121, 125, 126.

The rule is that leading questions are permissible to arrive at facts when modesty or delicacy prevent full answers to general interrogatories first propounded, 70 C.J., Witnesses, Sec. 689, within the rule of sound discretion. The question here arises, is this prosecutrix, a girl who was fifteen years of age when the alleged crime was committed and sixteen years of age when the trial took place, to be allowed to have directed leading questions to her? The objectionable questions and answers are before us, as we have quoted. Apparently from the record no objections were made to the leading questions.

Objections to the admission of evidence cannot be initially raised in the appellate court when they were not properly or duly raised in the trial below. City of Glendale v. Coquat, 46 Ariz. 478, 52 P.2d 1178, 102 A.L.R. 837; Town of South Tucson v. Board of Supervisors of Pima Co., 52 Ariz. 575, 84 P.2d 581.

We quote from the case of State of Arizona v. Pollock, 57 Ariz. 415, 114 P.2d 249, 250, as follows:

"The first question is as to the sufficiency of the evidence to sustain the verdict. The prosecutrix testified directly and positively to the completed crime. Defendant denied that he had either attempted or completed the offense charged. If this were all, the question would undoubtedly be one for the jury, for in Arizona in a case of this kind a conviction may be had upon the uncorroborated testimony of the prosecutrix unless her story is physically impossible, or so incredible that no reasonable man could believe it. * * * "

From the foregoing testimony, and from other testimony in the case to which we will hereinafter refer, it is our opinion that the testimony of the prosecutrix was clear and positive as to the act of sexual intercourse.

 It is fundamental that in a statutory rape case the question of consent is not an issue. The jury in this case probably did not believe the story of the prosecutrix to the effect that the act was accomplished while she was in the arms of Morpheus. The testimony of the prosecutrix that the defendant removed the bed clothing from over her body, took off her pajamas and had intercourse without awakening her is to say the least an ingenuously interesting story, and undoubtedly related for the benefit of her parents to exculpate her as an active co-operator. The real question for the jury to discover was whether the defendant actually had sexual intercourse with the prosecutrix. From circumstances speaking louder than words, they found that he had. The prosecutrix became alarmed at finding blood on toilet tissue when she retired to the bathroom. She became so frightened she immediately went and told her parents of the incident. At this time she was hysterical. On being examined on the next day by a physician it was discovered that her hymen had been recently ruptured. In a case of forcible rape the act either took place in the manner the prosecuting witness says it took place, or didn't happen at all, while in a case of statutory rape the material question is, was the act accomplished? That the prosecuting witness aided and abetted in the commission of the act is no defense. The circumstantial evidence in this case on the proved facts were entitled to more credence than the naive story of the prosecuting witness. The rule stated in Reidhead v. State, 31 Ariz. 70, 250 P. 366, and State v. Pollock, 57 Ariz. 415, 114 P.2d 249, to the effect that a conviction for statutory rape cannot be sustained upon the uncorroborated testimony of the prosecutrix where her story is impossible or improbable to a degree that would make it incredible to the ordinary man can have no application here. Here there were abundant corroborating circumstances.

 In support of the third assignment of error appellant insists that he was deprived of a fair and impartial trial for the ground and upon the reason that the court permitted the leading questions here-

tofore referred to to be propounded to the prosecuting witness. We see no merit to this assignment. Evidence enlisted by leading questions is legal and competent though its probative force might not be as strong as voluntary testimony. 32 C.J.S., Evidence, § 1036, p. 1079. Counsel for appellant did not object to the questions. Because of the delicate nature of the subject of inquiry, and out of consideration for the feelings of the prosecutrix, counsel undoubtedly did not want to further embarrass her by compelling her to brusquely relate the facts. Our disposition of the second assignment of error states our position on the third assignment.

There being no substantial error in the record, the judgment is affirmed.

LA PRADE and MORGAN, JJ., concur.