262 P.2d 252

**SCHLECHT et ux. v. SCHIEL et ux.**
**No. 5677.**

Supreme Court of Arizona.
Oct. 26, 1953.

Rehearing Denied Nov. 24, 1953.

216

George M. Sterling, of Phoenix, for appellants.

Leonard S. Sharman, of Phoenix, for appellees.

UDALL, Justice.

Plaintiffs-appellees Frank Schiel and Virdie Schiel, husband and wife, filed an

action seeking damages and an injunction, alleging defendants-appellants Arthur Schlecht and Alice Schlecht, husband and wife, diverted the natural stream flow of Powder House Wash, in the vicinity of Wickenburg, Arizona, into plaintiffs' property (a tourist court) to their great damage. After trial to a jury, judgment for plaintiffs on the verdict of $6650 was entered; injunctive relief was denied, as was the motion for new trial, and defendants then perfected this appeal.

■ The trial of the case, including a view by the jury of the locale, occupied four days, and the reporter's transcript covers 522 pages. At the beginning of the trial one witness sketched upon the courtroom blackboard the premises of the parties, the roads adjacent thereto, the course and direction of the Powder House Wash, and other physical objects. Testimony of the principal witnesses was related to or tied in with this drawing. It was not preserved and does not now appear in the record, and therefore we agree with counsel for defendants that "* * * it is almost impossible from the transcript herein, to ascertain what the various witnesses are testifying to." In a futile effort to supply this deficiency, counsel incorporates in his brief, drawings of his own which we cannot consider as they are not a part of the record, furthermore plaintiffs insist the same are inaccurate and contrary to the testimony of the witnesses and findings of the jury.

■ The opening *brief* (if this lengthy document may be termed such) contains 170 pages, of which over 50 pages are devoted to setting forth 60 assignments of error and 35 propositions of law. Improperly, the purported facts are set forth in a light most favorable to defendants, whereas on appeal we must necessarily consider them in the light most favorable to sustaining the judgment. The end result of this "brief" is to becloud rather than clarify.

Viewing the evidence in the light most favorable to sustaining the judgment of the trial court, there is abundant evidence to support the following conclusions: The parties to this cause both owned real property near Wickenburg, Arizona, in the vicinity of Powder House Wash, a natural stream bed; defendants in the year 1947 constructed a rock and concrete wall approximately two hundred forty feet long and three to four feet high, a portion of which obstructed and interfered with the natural flow of the waters in said stream bed; during a heavy rainstorm August 5, 1948, this wall caused stream water to be diverted from the natural stream bed and onto the premises where plaintiffs operated their auto court, flooding the same to a depth of approximately three feet and damaging a large two-story building housing several units of the nine-unit court, damaging the remaining units on the ground floor, ruining much personal property contained therein, and thus forcing the court to remain closed for three weeks.

218

An action for damages will lie upon these simple facts. Whatever one may do with surface waters, or with flood waters, as these terms are defined in Southern Pacific Co. v. Proebstel, 61 Ariz. 412, 150 P.2d 81, he may not cast the natural flow of a stream onto the land of his neighbor who is under no duty or obligation to receive the same. Negligence, wilfulness, or wantonness are utterly immaterial to the right to recover compensatory damages if plaintiffs' premises were not subject to an easement for the flow of the stream, and defendants did not divert the waters onto such premises as of right. The "wilfulness" required for recovery here is simply that the maintenance of the means of diversion be wilful, that it be the willed act of defendants; it is immaterial that they did or did not will the later damage that resulted. At common law the proper writ in these circumstances is trespass on the case, see Reynolds v. Clerk, 8 Mod. 272, 88 Eng. Repr. 193; same case 1 Strange 634, 93 Eng.Repr. 747. The foregoing disposes of most of the sixty assignments of error, and we shall proceed to discuss the few remaining.

The first complaint herein was filed September 12, 1949, and essentially it alleged the building of the wall, the diversion of the stream flow, and the resulting damage totaling $9,500. An answer was filed November 14, 1949, and it denied the wall bore a causal relation to the injury, if any; alleged the injury came from flood waters; alleged negligence on the part of plaintiffs; and denied negligence on the part of defendants.

An amended complaint was filed and was so much a replica of the first that it was stipulated the answer to the original complaint should stand as answer to the amended complaint. The second amended complaint was later filed, and differs from the first two only in that damages of $13,005 are asked. In all the complaints there is an allegation that defendants were warned construction of the wall would result in injury to plaintiffs.

Defendants filed their answer to the second amended complaint, which differed from the first answer only in that it alleged construction of the new state highway in the vicinity was the cause of the diversion of the water. At this same time defendants contended the second amended complaint was a new action and was barred by the statute of limitation. There is no merit to this. The second amended complaint was based upon the same group or aggregate of operative events, the same conduct, transaction, or occurrence as the original complaint, and therefore related back to the date of the original pleading, Rule 15(c), Rules Civil Procedure, 21–450, A.C.A.1939.

Nor was it error to deny defendants' motion to strike that portion of the second amended complaint alleging defendants were warned of the consequences of constructing the wall. This was surplusage because no punitive damages were asked, but we cannot say it was so highly damag-

ing and prejudicial to defendants that the court abused its discretion in refusing to strike it. Quite possibly the court believed the motion to strike was interposed only for delay, the allegation having been in the original complaint without objection raised.

Likewise, the motion for continuance was properly denied. Trial was held September 18, 1951, only eight days after filing the second amended complaint. But the case had previously been set for trial six different times. The cause always involved the same facts and the same general propositions of law, and there was more than ample time for preparation.

Witnesses whose memories reached back as far as 1914 testified that prior to the injury complained of, the waters periodically had run as high or higher; weather bureau records corroborated their memories that other rains in the area had been as great or greater; while there was a conflict in the evidence many witnesses testified they had never seen the waters from Powder House Wash enter plaintiffs' premises before. One witness testified that during the time the water was running, he watched the wall divert the water into plaintiffs' premises, then later—when the rock wall obstructing the stream bed was undermined and fell over—the water returned to the old channel. There is, therefore, no merit to the contentions that all evidence showed the wash to be at flood stage, as that term is used in Southern Pacific Co. v. Proebstel, supra, and that the wall bore no causal relation to the injury sustained.

The contention that there was no proper evidence of damages from which the jury could arrive at its verdict, is groundless. There were photographs of the premises admitted in evidence which show some of the conditions there immediately following the flooding. Witnesses testified to the actual injuries sustained to the personal and real property owned by plaintiffs but did not give a monetary estimation thereof. The owner testified to the facts showing injury and destruction, then gave an estimate of the gross monetary damages suffered as to the personal property, then as to the real property. Of course such evidence was material, and we hold it was both competent and relevant. See, 31 C.J.S., Evidence, §§ 181, 182, 183, and 32 C.J.S. § 545, and 25 C.J.S., Damages, §§ 157(a) and 162(a).

There are various assignments of error directed to the instructions. Instructions to the jury must be viewed as a whole, not piecemeal, and our examination of these convinces us the learned trial court clearly, lucidly, fully, and fairly set forth the law applicable to the fact situation. Refusing to give defendants' requested instructions numbered 6, 8, 9, 10, and 11, and giving No. 12 as modified, merely avoided confusing repetition, since all these matters were well covered by other instructions.

Counsel assigns as error the giving of the following instruction:

"You are instructed that it is not sufficient for the plaintiffs merely to show

220

that they have been damaged by an overflow, but plaintiffs must go further and show by a preponderance of the evidence, the amount of such damage the defendants caused, and if you are unable from the evidence, reasonably, to determine how much of the damage, if any, was caused by the defendants, your verdict must be for the defendants."

Defendants assert this instruction was a comment upon the evidence, and was reversible and prejudicial error, and later in the brief it is termed "glaring error", and said to be "not only not applicable to the fact situation", but also "an incorrect statement of law," and finally we are told "that to cite authorities in support of this assignment and proposition of law is wholly unnecessary * * *." Such vehemence nearly overwhelmed us, until we noted that counsel for defendants submitted this instruction himself. By the rule of invited error, one who deliberately leads the court to take certain action may not upon appeal assign that action as error. Furthermore, we believe this instruction, when considered with the other instructions given, correctly stated the law as applied to the facts of this case.

The case was fairly tried and we perceive no error in the record.

Judgment affirmed.

STANFORD, C. J., and PHELPS, LA PRADE and WINDES, JJ., concur.