442 P.2d 559

Ramon PAUL, Appellant,

v.

D. N. HOLCOMB and Kathryn Holcomb, his wife, Appellees.

No. I CA-CIV 609.

Court of Appeals of Arizona.

June 19, 1968.

Rehearing Denied Aug. 29, 1968.

resulted in a plaintiffs' judgment for personal injuries to the wife and for loss of business resulting from the closing of their restaurant for several days because of tear gas fumes.

On appeal, questions are raised as to whether the defendant should have foreseen that his actions created an unreasonable risk of harm to the plaintiffs and whether the trial court should have given an instruction on "dangerous instrumentality."

The defendant had purchased the tear gas shell sometime during 1958 for protection from possible personal assault. On the occasion in question (December 1960), he was carrying the shell in his pants pocket because he was afraid that it might explode if he left it "* * * lying on my dresser in the sun * * *." When the shell went off, according to the plaintiffs, "* * * it sounded like a pistol shot." Not knowing what had happened, and seeing what appeared to be a fire in the defendant's pants, the plaintiff-wife came over to the defendant and attempted to put out the fire by "swatting" or "slapping" at his pants. As the result of her so doing, some of the tear gas got into her eyes, causing her to be temporarily blinded and in extreme discomfort. The defendant thereupon announced: "* * * 'Tear gas bomb. Open the door and get out.' "

The plaintiff-wife suffered chemical burns to her eyes which were seriously incapacitating and painful. Following this injury, the lenses of her eyes have become obscured, creating a condition known by laymen as cataracts. The opthalmologist who treated the plaintiff was not able to state whether chemical burns from the tear gas had caused these cataracts. The wife testified that, before his incident, her eyes were clear and that she was experiencing no substantial difficulty with them. No question as to the amount of the judgment ($5,000) is raised.

The defendant on appeal argues. that there was insufficient evidence to show any duty of due care on the part of the de-

Otto H. Linsenmeyer and Frank E. Dickey, Jr., Phoenix, for appellant.

Eino M. Jacobson, Prescott, for appellees.

MOLLOY, Judge.

This litigation arises out of the explosion of a tear gas shell in the pocket of the defendant while he was sitting at the counter in a small restaurant operated. by plaintiffs, husband and wife. A jury verdict

fendant as to the plaintiffs insofar as the act of carrying this tear gas cartridge is concerned. Reliance is taken upon the decision of Tucker v. Collar, 79 Ariz. 141, 285 P.2d 178 (1955), which decision applies the rule of Palsgraf v. Long Island R. Co., 248 N.Y. 339, 162 N.E. 99, 101, 59 A.L.R. 1253 (1928).

What is foreseeable by the reasonable man is ordinarily a question for the jury. There are outer limits beyond which the courts will not permit the fact finder to go, e. g., *Palsgraf*, supra, but we do not believe we are beyond the boundary here. The defendant purchased this tear gas shell together with its fountain pen-like gun to protect himself from assault. He obviously knew the gas would have deleterious effects of incapacitating quality. His testimony also indicates that he knew there was a possibility of accidental discharge of the cartridge. He offered no explanation whatsoever as to how the cartridge discharged nor did he attempt to show in any way that tear gas is not dangerous. Further, the jury may have concluded that he was unreasonably slow in giving warning after the explosion.

That injury received is more serious than might have been expected and that the exact manner of the injury could not have been foreseen are not defenses, Restatement (Second) of Torts § 435, providing that the injured person is within foreseeable range of the negligent conduct, and the injury results from a recognizable risk. Restatement (Second) of Torts § 281, Comments *c* and *e*. The facts here do not preclude a plaintiffs' verdict under these tests.

The defendant complains of the following instruction:

"You are instructed that if from the evidence you find an unexploded tear gas shell is a dangerous instrumentality, you are instructed that the duty of ordinary care requires *extreme caution* and *a high degree of circumspection* in handling the same." (Emphasis ours)

The only objection made to this instruction was the following:

"Defendant Ramon Paul objects to the giving of Instruction No. Three as modified [above quoted], in that it is impossible for the Jury to find from the evidence adduced at this trial that an unexploded tear gas shell is a dangerous instrumentality; and that the instruction also imposes a duty upon the defendant, Ramon Paul, *which is not called for by the evidence.*" (Emphasis ours)

On appeal, the only contention made is that there was not sufficient evidence of "dangerous instrumentality" to give rise to the special duty that is assumed to exist in the event there was sufficient evidence of a "dangerous instrumentality." While the above-quoted objection might be interpreted as a contention that there is no such special duty as postulated, its verbiage as well lends itself to the interpretation that the imposition of a special duty, assumed to exist, is not "called for by the evidence." In the light of the unidirectional attack here, we assume this was the gist of the complaint below.

We do not agree with the underlying assumption of this objection; we know of no special duty, different in species, specially imposed upon the possessor of a "dangerous instrumentality." Liability without fault is imposed upon certain ultra-hazardous activities, see Restatement (Second of Torts § 520, but the application of this law is not argued here. Nor are we concerned with the question of whether an owner is liable for the negligence of a contractor under the theory of a nondelegable duty, as to which see Restatement (Second) of Torts § 423.

Objects in this world are dangerous in an infinite variety of ways and degrees. The degree of prudence required in the care of any object is always commensurate with the dangers involved, but the standard of care is almost invariably that of the reasonably prudent man under the particular circumstances.

This is made clear by the decision of Crouse v. Wilbur-Ellis Co., 77 Ariz. 359, 272 P.2d 352 (1954). In that case, the Court was dealing with the liability arising out of the spraying of insecticide on crops and it was recognized (77 Ariz. 365, 272 P.2d 352) that the risk of harm to neighbors from such an operation was so great that the owner became liable for the negligence of an independent contractor. However, in laying down the standard of care, the Court said:

"Duty in a given situation is commensurate with the dangers involved. * * * We hold that defendant here owed to plaintiffs the duty to use *such care and caution as an ordinarily prudent person in like circumstances would use to avoid harming plaintiffs.*" (Emphasis ours) 77 Ariz. at 365–366, 272 P.2d at 356.

 But, though there be no such special duty as postulated by the subject instruction, if there were such a duty in the case of "dangerous instrumentalities," then we see sufficient evidence in this record to support such an instruction. The instant cartridge had explosive characteristics and was known to the defendant as such. The evidence justifies the inference that it might be exploded readily. The cartridge was purchased as a device to repel assault upon the person of the defendant and from this the trier of fact might have concluded that there was a danger of bodily injury inherent in the device. Evidence that this plaintiff-wife suffered serious injury to her eyes from this instrumentality is some indication of its dangerousness. No evidence was offered tending to show that it is reasonably safe to carry such a device in a man's pants pocket, along with other objects ordinarily carried there. At least one court has referred to a tear gas gun as a "dangerous instrument." Haslem v. Jackson, 68 Ohio App. 433, 40 N.E.2d 692 (1941).

Had the defendant argued to the trial court the nonexistence of any such special duty as that postulated, the trial court may very well have properly ruled upon the objection. Under these circumstances, we regard the error in instruction to be an invited one. Musgrave v. Githens, 80 Ariz. 188, 192, 294 P.2d 674 (1956); Schlecht v. Schiel, 76 Ariz. 214, 220, 262 P.2d 252 (1953).

Judgment affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.