489 P.2d 4

**STATE of Arizona, Appellee,**

v.

**William D. GODSOE, Appellant.**

No. 1892.

Supreme Court of Arizona,
In Banc.

Sept. 30, 1971.

Gary K. Nelson, Atty. Gen., by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee.

Minne & Sorenson, by Harold E. Whitney, Phoenix, for appellant.

UDALL, Justice.

Defendant, William Godsoe, after a trial by jury was convicted on October 25, 1967 of child molesting in violation of A.R.S. § 13-653. From this conviction, sentence and denial of his motion for a new trial, defendant appeals. For the reasons advanced below, the judgment of conviction is affirmed.

The facts relevant to this appeal are as follows: The defendant was charged with molesting the complaining witness on or about May 20, 1966 in that he fondled her genitals and forced her to fondle his.

Deborah, who was nine at the time of the crime, would often stay with the defendant in his home with her parents' consent. In fact, during May, 1966 Deborah stayed overnight at least three or four times on weekends. Deborah testified that it was during these stays with the defendant that defendant touched her genitals and forced her to touch his. Two other girls, Terry and Debby testified that they had had similar experiences with the defendant. Their testimony was admitted for the limited purpose of showing the defendant's propensity for such acts and not for showing bad character nor to show that a prior crime had been committed. For purposes of this appeal, defendant raises four questions for this Court to consider:

1. Was the evidence against defendant sufficient upon which to base a conviction of the offense of child molesting?

2. Did the court's instructions to the jury on other crimes allegedly committed by the defendant constitute a comment on the evidence and thereby deprive the defendant of a fair trial?

3. Did the court's instructions to the jury on other crimes allegedly committed by the defendant constitute fundamental error and thus deprive the defendant of a fair and impartial trial?

4. Did the court commit error in permitting the prosecuting attorney to propound leading questions to the complaining witness?

Defendant contends in his first point that the testimony of the complaining witness was so incredible and unreasonable that no reasonable person could believe it. As such, defendant argues, the evidence was insufficient.

While we agree with defendant's test, we disagree that it is applicable to the case at bar. As the defendant concedes, it is not always necessary in order to sustain a conviction, that the prosecutrix's testimony be corroborated. But where the conviction is founded on the complaining witness'

testimony alone, that testimony must be reasonable, consistent and not inherently improbable or impossible. Reidhead v. State, 31 Ariz. 70, 250 P. 366 (1926). While the law is clear on this point, the Court will closely scrutinize the records where that testimony is by one of very tender years and there have been, as here, leading questions asked. The Court must take great care in these cases, for often passions and prejudices are aroused against one who has been charged with molesting a child. Where there is inherent improbability or where there is evidence that malice inspired the prosecution, this Court should not permit a conviction to stand. Reidhead v. State, supra. After carefully searching the record, we find the testimony reasonable, consistent and not inherently impossible or incredible and not inspired by malice. Although the exact date of the crime was not able to be pinpointed, prosecutrix's account was coherent and there were few contraditions between the testimony of the prosecutrix and the two other girls. Furthermore, the prosecution did introduce evidence which tended to corroborate Deborah's testimony. Debbie's testimony as to those acts committed against her alone was introduced to show defendant's proclivity, but her testimony also established certain acts committed by the defendant in front of Debbie, Terry and Deborah at the same time. Debbie testified that the defendant came into the room where she, Debbie and Terry were all in bed and "with only a tee shirt on, he tried to do something, he tried to get in bed with us, but we wouldn't let him." (RT 101). As to these acts, Debbie's testimony tended to corroborate the testimony of the prosecutrix.

Secondly, the defendant contends the court violated Art. 6, Sec. 27 of the Constitution of Arizona, A.R.S., by commenting upon the evidence when it instructed the jury that:

"Ladies and Gentlemen of the Jury, there was introduced, as you know, testimony of other crimes allegedly committed by this defendant. Whether or not he is guilty of another act of child molesting, *is no concern of ours in this case, and is no evidence that you can,* without anything else, *find him guilty in this case.* This type of evidence is permissible, but I instruct you that you cannot find him guilty of the crime herein charged in this information, because you may think him guilty of a crime committed at some other time, but evidence of a crime other than that charged in the information, if you find and believe beyond a reasonable doubt that such crime was committed by the defendant, is admissible for the sole purpose of showing the defendant's emotional propensity for sexual aberration. In other words, if you find beyond a reasonable doubt that the defendant at or about the time of the offense charged against him, engaged in *other similar sexual offenses, indicating a propensity for sexual molestation or sexual aberration in respect to young girls,* then you may consider that testimony, together with all the other evidence in the case, as bearing on the question whether or not he in fact committed the act charged in the information." (defendant's emphasis) (RT 176.)

Defendant further argues that this error was compounded when, in considering an objection by the defendant, the court made the following comment:

"THE COURT: I think I should instruct the jury on this particular line of testimony. The information in this case, ladies and gentlemen, alleges this particular crime to have occurred on or about the 20th day of May, 1966. Any evidence of any other similar acts is admitted not for the purpose of showing bad character or the fact that the defendant has committed a prior crime, but solely on the issue of whether or not the defendant has a propensity to commit this type of act, a propensity for sexual aberration; and for that sole purpose you may consider evidence of other acts for that sole purpose, and not for the purpose I indicated to show bad character or prior criminal conduct." (RT 35)

Defendant contends this instruction violated Art. 6, section 27 of the State Constitution which provides that "[j]udges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law," in that it was calculated to sway the minds of the jurors who might otherwise have had a reasonable doubt. A judge comments on the evidence when he expresses to the jury his opinion of what the evidence shows or does not show. State v. Vann, 11 Ariz.App. 180, 463 P.2d 75 (1970). The inferences derived from the evidence are peculiarly within the jury's province. An invasion of this would constitute error where prejudicial. Gibbs v. State, 48 Ariz. 25, 58 P.2d 1037 (1936). Furthermore, the court should not single out or unduly emphasize any particular part of the evidence to the exclusion of the rest. State v. Eisenstein, 72 Ariz. 320, 235 P.2d 1011 (1951).

■ Just as the Court should view the instructions as a whole and not piecemeal in determining their correctness, so too, in passing upon the instruction's propriety, the court will not isolate paragraphs from the whole. Schlecht v. Schiel, 76 Ariz. 214, 262 P.2d 252 (1953); City of Phoenix v. Harlan, 75 Ariz. 290, 255 P.2d 609 (1953); Larriva v. Widmer, 101 Ariz. 1, 415 P.2d 424 (1966). Viewing the instructions as a whole and applying the above principles, we hold these charges were in no way prejudicial to the defendant as comments on the evidence. Nowhere in the instruction do we find the court expressing a belief that the defendant demonstrated a sexual aberration toward young girls. Whether these other acts demonstrated any propensity toward sexual abnormality was for the jury to determine.

"* * * I should caution the jury again that this testimony is permissible only for the limited purpose of indicating, *if it does so indicate*, the emotional propensity of the defendant to sexual aberration. * * *" (RT 77) (Emphasis supplied)

Further the court cannot be said to have unduly emphasized this part of the evidence to the exclusion of the rest. While the court's instructions do indeed direct the jury's attention to the issue of the alleged acts with other young girls, such reference under the circumstances was not only proper but worked to the benefit of the defendant since the court clearly limited its application. Indeed, the defendant would have had a genuine grievance had the trial court not cautioned the jury on its use.

■ Defendant's third contention is that this same instruction is not only a comment on the evidence, but also an incorrect statement of law and, therefore, fundamental error which deprives defendant of a fair and impartial trial. Defendant contends the following portion of the instruction misled the jury:

"* * * whether or not he is guilty of another act of child molesting is of no concern of ours in this case, and is not evidence that you can without anything else find him guilty in this case. * * *"

Defendant construes this to mean that the evidence of prior offenses along with "something else" is sufficient to find defendant guilty of the crime charged in the information. We need not dwell on this point. The defendant is obviously straining the interpretation of this instruction. It does not appear to us that the jury could reasonably construe this to stand for defendant's proposition. In any event, the court throughout its instructions clearly sets out the limited purpose of this evidence. The instructions allow a conviction only upon a finding that the defendant beyond a reasonable doubt committed the crime charged.

Lastly, defendant contends the trial court abused its discretion in allowing the prosecution to propound leading questions to the complaining witness.

■ It is the rule in this state that evidence elicited by leading questions is legal and competent though its probative force might not be as strong as voluntary testimony. State v. Upton, 65 Ariz. 93, 174 P.2d 622 (1946). Further, it is not an abuse of discretion to permit leading ques-

tions to be asked of witnesses who are minors or where the delicate nature of the subject matter prevents detailed answers to general questions. State v. Pierce, 59 Ariz. 411, 129 P.2d 916 (1942); State v. King, 66 Ariz. 42, 182 P.2d 915 (1947); State v. Upton, supra. The allowance or exclusion of leading questions is within the sound legal discretion of the trial court. State v. King, supra.

The trial court in no way abused its discretion. The testimony concerned was extremely delicate. The court, in order to preserve the composure of the witness and prevent further embarrassment and psychological trauma, while at the same time seeking the truth, was faced with a very difficult problem in dealing with three witnesses, all of very tender years. In view of these circumstances, the court acted properly in controlling the leading questions and keeping them to a minimum.

For the reasons herein stated the conviction is affirmed.

STRUCKMEYER, C. J., HAYS, V. C. J., and LOCKWOOD and CAMERON, JJ., concur.