601 P.2d 291

**The STATE of Arizona, Appellee,**

v.

**Willis Colson CARTER, Appellant.**

**No. 2 CA–CR 1253.**

Court of Appeals of Arizona, Division 2.

Dec. 15, 1978.

Rehearing Denied Jan. 24, 1979.

Review Granted Feb. 6, 1979.

John A. LaSota, Jr., Atty. Gen. by Philip G. Urry, Asst. Atty. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by Michael P. Roca, Asst. Public Defender, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Willis Colson Carter was convicted of two counts of child molesting on June 1, 1977, and sentenced on September 6, 1977, to imprisonment in the state prison for not less than seven nor more than nine years, the sentences to run concurrently commencing on September 6, 1977. From his judgment and sentence, appellant appeals.

Appellant's first argument is that the time limits of Rule 8, Rules of Criminal Procedure, 17 A.R.S., were violated. We do not agree. Rule 8.2(c) provides:

"Every person released under Rule 7 shall be tried by the court having jurisdiction of the offense within 120 days from the date of his initial appearance before a magistrate on the complaint, indictment or information, or within 90 days from the date of his arraignment before the trial court, whichever is the greater."

Appellant's initial appearance occurred on November 19, 1976, and his arraignment on December 16, 1976. His trial took place 157 days after his initial appearance. 18 days delay were occasioned by appellant's motions for continuances and 26 days by a continuance sought by the state. All of these continuances were granted because of extraordinary circumstances. Thus 44 days were excluded under Rule

8.4(d), Rules of Criminal Procedure and appellant's trial commenced 113 days from his initial appearance.

Appellant's second argument is that there was no evidence to support his conviction of molesting the first victim, his stepdaughter. There was testimony that appellant touched her breasts, but according to him, a girl's breasts should not be considered "private parts" within the meaning of A.R.S. Sec. 13–653. At the time the offense was committed, A.R.S. Sec. 13–653 provided in pertinent part:

"A person who molests a child under the age of fifteen years by fondling, playing with, or touching the private parts of such child . . . shall be guilty of a felony."

The legislative purpose behind A.R.S. Sec. 13–653 is, as the state points out, to prohibit the taking of indecent liberties with children. A.R.S. Sec. 1–211(C) expresses the following principle:

"The rule of the common law that penal statutes shall be strictly construed has no application to these revised statutes. Penal statutes shall be construed according to the fair import of their terms, with a view to effect their object and to promote justice."

Applying this principle, it is apparent that the intent of A.R.S. Sec. 13–653 was to outlaw sexual contact between adults and children. It is commonly understood that the fondling of a teenage girl's breasts is contact of a sexual nature. Therefore, for purposes of this statute, the term "private parts" should be construed to include female breasts. We affirm the lower court's denial of appellant's motion for acquittal as to Count One.

Appellant also contends that his motion for judgment of acquittal on Count Two, the molestation of the second victim, should have been granted. The victim testified that appellant touched her between her legs. Although there could be some difference of opinion as to the meaning of this testimony, it is substantial evidence from which the jury could find that appellant touched the victim's private parts. Evidence is not insubstantial merely because reasonable persons may draw different conclusions from it. *State v. Toney*, 113 Ariz. 404, 555 P.2d 650 (1976). We must view the facts most favorably to upholding the verdict of the jury. *State v. Acosta*, 101 Ariz. 127, 416 P.2d 560 (1966). The term "private parts" has been defined to include the immediate vicinity of the genitals as well as the genitals themselves. *State v. Blount*, 60 N.J. 23, 286 A.2d 36 (1972); *State v. Moore*, 194 Or. 232, 241 P.2d 455 (1952). Hence, the jury could reasonably have found that when appellant touched this victim between the legs, he was touching her "private parts."

Appellant additionally contends that the court erred in refusing to give the following instruction:

"The term private parts as used in reference to the human body does not include breasts, but does include the genital procreative organs."

Appellant was not entitled to this instruction because, as our prior discussion indicates, it is not a correct statement of the law.

Appellant's final argument is directed to the court's refusal to give two other instructions. Appellant has not preserved this matter for appeal since his only objection to the trial court's failure to give the instructions was that they correctly state the law. *State v. Canedo*, 115 Ariz. 60, 563 P.2d 315 (App.1977).

Assuming arguendo that objections were properly raised, there was no error in refusal of these instructions. Appellant's requested instruction 12 states:

"Where the charge is founded solely on the testimony of the complaining witness, as in this case, that testimony must be reasonable, consistent and not inherently improbable or impossible. If you find that the testimony of the complaining witness does not meet this standard, you must find the defendant not guilty."

Appellant argues that this instruction is supported by *State v. Godsoe*, 107 Ariz. 367, 489 P.2d 4 (1971), and *Reidhead v.*

*State*, 31 Ariz. 70, 250 P. 366 (1926). In *Reidhead*, it was held that "when a verdict of guilty is returned on the evidence of the prosecutrix alone, her story must be reasonable, consistent, and not inherently impossible or improbable to a degree that would make it incredible to the ordinary man." 31 Ariz. at 72, 250 P. at 366. Applying *Reidhead*, the evidence does not support appellant's requested instruction. The testimony of the victim as to appellant's acts was not inherently impossible or incredible. See *State v. Upton*, 65 Ariz. 93, 174 P.2d 622 (1946); *Ainsworth v. State*, 37 Ariz. 330, 294 P. 271 (1930). Furthermore, in *Reidhead*, the court was concerned with the issue of consent, whereas in a child molesting case, consent is not a defense.

Appellant's requested instruction 13 states:

> "It is not essential to a conviction in this case that the testimony of the child who is the prosecuting witness, be corroborated by other evidence provided that from all the evidence you are convinced beyond a reasonable doubt of the defendant's guilt.
>
> However, a charge such as that made against the defendant in this case is one which generally speaking is easily made, and, once made, difficult to disprove. From the nature of the case such as this, the child and the person accused are usually the only witnesses. Therefore, I charge you that the law requires that you examine the testimony of the child who is the prosecuting witness with caution.
>
> In giving this instruction, I do not mean to imply an opinion of my own as to the credibility of any witness.
>
> The fact that the charge here made is one difficult to disprove shall not deter you from reaching a verdict of guilty if you are convinced beyond a reasonable doubt that the defendant is guilty as charged."

Such a cautionary instruction constitutes an impermissible comment on the evidence, and the trial court did not err in refusing it. *State v. Settle*, 111 Ariz. 394, 531 P.2d 151 (1975).

Affirmed.

RICHMOND, C. J., and HOWARD, J., concur.