NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE GUARDIANSHIP AS TO A.Y. and G.Y.

No. 1 CA-JV 23-0215
FILED 05-30-2024

---

Appeal from the Superior Court in Maricopa County
No. JD41678
The Honorable Gregory Como, Judge

**AFFIRMED**

---

COUNSEL

Maricopa County Public Advocate, Mesa
By Suzanne W. Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Thomas K. Sanders
*Counsel for Appellee DCS*

The Huff Law Firm, Tucson
By Laura J. Huff, Daniel R. Huff
*Counsel for Appellee DCS*

Amanda Adams, Esq., Phoenix
Deanna B. Sandler, Esq., Scottsdale
*Counsel for Appellee*

Alexander R. Arpad, Esq., Phoenix
*Counsel for B.C.*

---

**MEMORANDUM DECISION**

Vice Chief Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge Anni Hill Foster and Judge Brian Y. Furuya joined.

---

**H O W E**, Judge:

¶1　　　　Brent Y. ("Father") appeals the juvenile court's order granting guardianship of his daughter, A.Y., and his son, G.Y., to B.C., the children's maternal grandmother. We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2　　　　Father and Britney P. ("Mother") are the biological parents of A.Y., born in April 2011, and G.Y., born in March 2014.[1] Father has a history of both substance abuse and unstable housing. In August 2022, the Department of Child Safety petitioned to have A.Y. and G.Y. declared dependent as to Father because Father abused and neglected them. Father appeared telephonically at the contested dependency hearing. The juvenile court declared A.Y. and G.Y. dependent, finding that Father's substance abuse and unstable housing made him unable to provide effective parental care.

¶3　　　　The Department then petitioned to appoint the children's paternal grandfather as their permanent guardian. The next day, B.C. petitioned to be appointed as their permanent guardian instead. Father failed to appear at the initial hearing on the motions. Later, during a pretrial conference at which Father again failed to appear, the Department withdrew its petition to appoint the children's paternal grandfather as their permanent guardian and instead proceeded on B.C.'s petition. The court ordered that the guardianship adjudication hearing be in person.

¶4　　　　At the guardianship adjudication hearing, Father appeared telephonically. The Department moved under Rule 346 of the Arizona Rules of Procedure for the Juvenile Court ("Rule") to deem allegations in its petition admitted. Father objected, stating that his "ride fell through," and that he had asked the Department to provide him transportation a few hours before the hearing. He asked for a continuance so that he could

---

[1]　　　　Mother is not a party to this appeal.

appear in person and alternatively for permission to appear telephonically. The children's counsel objected to allowing Father to appear telephonically and granting a continuance because Father had a history of failing to appear in person for hearings. The children's counsel also requested that the court proceed in Father's absence and not permit Father to testify. The children's guardian ad litem also objected to a continuance, arguing that such a continuance would not be in the children's best interests.

¶5          The court denied Father's request for a continuance, finding that good cause did not exist because the hearing was set two months earlier. But the court allowed Father to appear remotely. It noted that if Father appeared only telephonically without a video, the court would not be able to judge his demeanor, such as whether he appeared under the influence of any substance or whether he was looking at notes, which "may influence [the court's] judgment." Later, Father's camera was off while he was being sworn in. The record shows no further discussion on whether Father's camera was on or off for the rest of the hearing and any consideration the court gave to the camera issue. During the hearing, Father admitted that he had unstable housing and had refused to participate in services that the Department had provided.

¶6          B.C. testified that the children had lived with her most of their lives because Father and Mother would get evicted two to three times a year. She also testified that Father abused drugs and that he had attempted to commit suicide through drug overdoses. B.C. also testified that Father could not provide the children with a safe and stable home because he was continuously being evicted and did not own a vehicle. The court granted B.C.'s petition and appointed her as the children's permanent guardian. Father timely appealed, and this court has jurisdiction. *See* Ariz. Const. art. 6, § 9; A.R.S. §§ 8-235(A), 12-120.21(A)(1), -2101(A)(1).

## DISCUSSION

¶7          Father argues that the juvenile court erred in denying his request for a continuance. Because motions to continue are within the trial court's sound discretion, we review a denial for a clear abuse of discretion, which we will find only if Father demonstrates prejudice. *In re Z.L.*, 256 Ariz. 138, 140 ¶ 15 (App. 2023). A party's motion to continue "must be made in good faith and must state good cause for the continuance." Ariz. R. P. Juv. Ct. 318(a).

¶8          The court did not abuse its discretion in finding that Father's failure to secure transportation to appear at the hearing was not good cause

for a continuance. Although Father had notice of the hearing for a long time, he did not voice any concerns about his transportation, nor did he request transportation from the Department before the day of the hearing. Also, he did not provide details of his planned transportation for the hearing day and why those plans ultimately failed.

¶9 Moreover, Father fails to show how he was prejudiced in not having the hearing continued. *See Walsh v. Walsh*, 230 Ariz. 486, 494 ¶ 24 (App. 2012) (stating this court will reverse only if a party suffers prejudice from the error, and the prejudice "appear[s] affirmatively from the record" (internal quotation marks omitted)). He argues that he was prejudiced because his camera failures caused the court to discount his testimony. But the record does not support this claim. The record does not show whether Father's camera was off after he was sworn in, nor does it show the trial court discounted his testimony. And in any event, Father himself requested that he be permitted to appear and testify remotely. Having successfully persuaded the court to follow this approach, he may not now claim a due process error predicated on the court's granting his request. *Schlecht v. Schiel*, 76 Ariz. 214, 220 (1953) ("By the rule of invited error, one who deliberately leads the court to take certain action may not upon appeal assign that action as error."); *see also In re Marriage of Thorn*, 235 Ariz. 216, 224 ¶ 35 (App. 2014).

¶10 Relying on Rule 346(b)(2), Father argues that the court erroneously focused on whether lack of transportation constituted good cause, instead of whether the continuance was necessary for the "(1) full, fair, and proper presentation of evidence and (2) the best interests of the child would not be adversely affected." He contends that both considerations favored granting a continuance. But Father did not raise this argument in the juvenile court and has thus waived it. *Logan B. v. Dep't of Child Safety*, 244 Ariz. 532, 536 ¶ 9 (App. 2018) ("Generally, failure to raise an argument in the juvenile court waives the issue on appeal.").

## CONCLUSION

¶11        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV