UNITED STATES of America,
Plaintiff-Appellant,

v.

Michael John MOON, Defendant-Appellee
(two cases).

Nos. 73–1529, 73–1532.

United States Court of Appeals,
Fifth Circuit.

March 29, 1974.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Claude H. Tison, Jr., Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellant.

David G. Hanlon, Tampa, Fla. (court-appointed), for defendant-appellee.

Before GODBOLD, DYER and GEE, Circuit Judges.

GODBOLD, Circuit Judge:

The defendant Moon was indicted on a federal bank robbery charge. At his first trial a telephone company repairman testified to inadvertently plugging in to a conversation in which one of those engaged in the conversation related his part in the bank robbery. The repairman had reported the conversation to a telephone company security officer and later related it to the FBI, and the call was traced to a woman. She testified at Moon's first trial that appellant had told her of plans for the robbery, and, in the overheard call, had told her of its successful completion.

During the trial a mistrial was declared because of the illness of defense counsel. Subsequently a new indictment was returned charging appellant with conspiracy to commit the robbery. The two indictments were consolidated for a second trial, and new counsel was appointed for Moon. At an omnibus hearing this defense counsel indicated he had no motions to suppress evidence. At a later motion hearing defense counsel gave no indication that he intended to present any motion with respect to testimony given at the first trial (of which he had had a transcript for several months).

At the second trial, in September 1972, before the jury was chosen defendant's attorney notified the trial judge that he desired to bring a matter to his attention after the jury was selected. As soon as the jury was selected and sworn, at which time jeopardy had attached, Illinois v. Somerville, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973); Downum v. United States, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963), defendant made an oral motion to suppress the anticipated testimony of the telephone repairman on the ground it had been unlawfully intercepted in violation of 47 U.S.C. § 605[1] and of Florida state law.

The trial court granted the motion to suppress. The government then moved for a mistrial urging surprise and the fact that it was deprived of its right to appeal the adverse ruling before trial. The defendant declined to either object or consent to the granting of a mistrial.

1. Which since 1968 has been subject to the amendments contained in 18 U.S.C. §§ 2510–2520.

The District Judge granted a mistrial, cautioning the prosecution that to do so might preclude retrial. Thereafter, defendant moved to dismiss the indictments on the ground that the proceedings at the second trial constituted former jeopardy. The trial judge granted the motion to dismiss. In his order he recognized that the motion to suppress may have been untimely, but, applying the case-by-case evaluation employed since United States v. Perez, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824), he considered that the overriding interest of protecting a defendant from successive prosecutions must prevail.

■ As we have recently observed, the conclusion that jeopardy attaches once the jury is selected and sworn begins rather than ends the inquiry as to whether the double jeopardy clause bars retrial. Smith v. Mississippi, 478 F.2d 89, 93 (CA5, 1973). If it was properly within the discretion of the trial judge to find that a mistrial was required by "manifest necessity" or by the "ends of public justice," id. 478 F.2d at 94; United States v. Perez, supra 22 U.S. at 580, 6 L.Ed. at 165, retrial is not precluded. Otherwise it is precluded by the Fifth Amendment's double jeopardy provision. There is no mechanical formula to be applied, but rather the focus is upon the propriety of the trial judge's exercise of his discretion in granting the mistrial, taking into account all circumstances relevant to the particular trial. Smith v. Mississippi, supra 478 F.2d at 94.

Under 18 U.S.C. § 2518(10)(a), a provision of § 802 of the Omnibus Crime Control and Safe Streets Act of 1968, a motion to suppress intercepted wire or oral communication on, among other grounds, that the communication was unlawfully intercepted "shall be made before the trial, hearing, or proceeding

unless there was no opportunity to make such motion or the person was not aware of the grounds of the motion." The "unless" clause is not apposite in this case. Section 2518(10)(b) provides that the government shall have a right to appeal from orders granting such motions to suppress. The Senate Report accompanying the Act noted that "The motion must be made before the trial," unless there was no opportunity or the defendant was unaware of the grounds and cautioned that, "Care must be exercised to avoid having a defendant defeat the right of appeal . . . by waiting until trial." 1968 U.S.Code Cong. and Admin.News p. 2195.

■ We conclude that the motion should not have been heard and that the action of the court in hearing and granting Moon's motion denied the government its statutory right to appeal.[2] That being so, implementation of the government's right to appeal required that a mistrial be granted, as a matter of "manifest necessity" and the "ends of public justice."

We do not go so far as to say that error in simply granting a motion which was within the province of the trial court to grant is sufficient to justify a mistrial that does not create jeopardy.[3] Here the court's error lay not simply in granting the motion but in hearing it at all in violation of a stated Congressional policy. In many other instances of erroneous trial court rulings the government is left without an appellate remedy, but in this instance there is an explicit Congressional directive that the particular motion be made in such manner as to be appealable by the government. Underlying this requirement was a desire for uniform interpretation of the standards to be applied to motions to suppress intercepted communications. See U.S. Code Cong. and Admin.News, supra, at

2. The defendant's motion to suppress was on federal and state statutory grounds. There was no claim that the overhear violated the Fourth Amendment. It is not, therefore, necessary for us to consider whether Congress can constitutionally require that evidentiary objections made on constitutional grounds be asserted before trial.

3. Such a rule might enable the government to litigate on appeal or at a second trial the validity of the ruling on the motion.

p. 2196. The uniformity interest is not served by allowing motions improperly heard during trial to be forever insulated from the appellate review Congress sought to assure. The better course would seem to be to leave open to the trial court the option of granting a mistrial and retrial if it subsequently realized that it should never have heard the motion in the first place.

Theoretically mandamus to the trial court directing it to refuse to hear the motion after trial commences might be available to effectuate § 2518, thus making a mistrial unnecessary. Even if mandamus were available[4] it would be of little utility in the present context where the trial was under way and a jury in the box.

This is not a case of the type of Downum v. United States, *supra*, where declaration of a mistrial has been based on a rule or a defective procedure lending itself to prosecutorial manipulation. The timing of the motion to suppress was within the control of defendant Moon. Nor is this a case presenting "important countervailing considerations that an accused be not harrassed by a series of aborted criminal proceedings which necessarily entail financial, physical and psychological burdens of enormous dimensions and which give rise to danger that with enough opportunities the prosecution will convict the innocent." Smith v. Mississippi, *supra* 478 F.2d at 93. This trial had progressed no further than the swearing of the jury.

██ The government argued to the trial judge that Fed.R.Crim.P. 41 forbade his considering the motion to suppress once trial began. The last sentence of the version of 41(e) in effect when the motion was made permitted the court in its discretion to entertain the motion at trial. To the extent that

§ 2518, *supra*, mandates pre-trial presentation, the Congressional enactment of the Omnibus Crime Control Act supersedes or modifies an inconsistent federal rule.[5] See 2 Moore's Federal Practice ¶ 1.02[5]; 7 Moore's Federal Practice ¶ 86.04[4]; United States v. Gustin-Bacon Div., Certainteed Products Corp., 426 F.2d 539 (CA10, 1970) (dictum).

On remand the District Court should vacate its order granting the motion to suppress, and the matter can then proceed in normal channels.

Reversed and remanded with directions.

---

4. It is by no means clear that it would be. See generally Will v. United States, 389 U.S. 90, 96–98, 88 S.Ct. 269, 274–275, 19 L.Ed.2d 305, 311–312 (1967) and Hart & Wechsler, Federal Courts and the Federal System (2d Ed. 1973) at 1570–72.

5. Except, to reiterate, we pretermit consideration of Congressional power to control presentation of objections to evidentiary matters based on constitutional grounds.