533 P.2d 671

**The STATE of Arizona, Appellee,**

v.

**Manuel Robert RAMIREZ, Appellant.**

No. 2960.

Supreme Court of Arizona,
In Banc.

March 31, 1975.

Rehearing Denied May 6, 1975.

N. Warner Lee, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen. by Frank T. Galati, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Chief Justice.

This is an appeal from a judgment of guilt to the crime of murder in the second degree, A.R.S. §§ 13–451, 13–452 and 13–453, and a sentence thereon of not less than ten nor more than twenty years in the Arizona State Prison.

Defendant raises several questions on appeal which have been answered by the companion case of State v. Ramirez, Ariz., 533 P.2d 665 filed this day. We consider in this case only the following questions:

1. Was a mistrial properly declared in the previous trial as to the charge of murder?

2. Does the doctrine of collateral estoppel or double jeopardy apply?

3. Does the double punishment statute apply?

The facts leading to the arrest and trial of the defendant have been set forth in the companion case. After the court declared a mistrial as to the murder charge, the defendant was released on bond. Later the defendant agreed to submit the matter to the court on the basis of the evidence adduced at the first trial. After informing the defendant of some of the rights he was giving up the following transpired:

"MR. RAMIREZ: Would I be admitting I was guilty if I submit it?

"THE COURT: No, you are not admitting you are guilty.

I have to read the transcript and decide whether or not you are, and you are not admitting you are guilty.

Did you want to submit it on the transcript and the other evidence which was admitted at the first trial?

"MR. RAMIREZ: Yes."

On the basis of the reporter's transcript of the previous trial, the court found the defendant guilty of second degree murder and sentenced him to serve ten to twenty years in the Arizona State Prison, said sentence to run concurrently with the sentence previously imposed for assault with a deadly weapon.

### THE MISTRIAL

The defendant contends that under the facts in this case the trial court did not exercise proper discretion in declaring a mistrial. We disagree. After the jury retired to deliberate at 3:30 p. m., at 11:40 p. m. the following transpired:

"THE COURT: Let the record show the presence of the jury, waiver of roll call, presence of the defendant and counsel.

Mr. McCormick, I take it you are still the foreman?

"MR. McCORMICK: Yes, sir.

"THE COURT: The way I calculate it, the jury's had about six and a half hours to deliberate, excluding dinner hour. We have not reported that you have arrived at a verdict in either case, and so would I be correct in assuming, sir, that you have not arrived at a verdict?

"MR. McCORMICK: We have arrived at a verdict in one case, sir; and the other case, no.

"THE COURT: Well, the case of number 74108 is the indictment under which the defendant is accused of assault with intent to commit murder, a felony, upon his wife, Anna. Have you arrived at a verdict in that case?

"MR. McCORMICK: Yes, sir.

"THE COURT: Now, in the case in which you have not arrived at a verdict, the charge being murder, would you tell me, sir, not how the jury stands for or against, guilty or not guilty, but just what the numbers are, if you know what that number is? By that I mean, is it six to six, five to seven or—

"MR. McCORMICK: Nine to three, sir.

"THE COURT: Nine to three in that case. Do you personally, sir, have any reason to believe that it would serve any useful purpose for the jury to deliberate any further in this case? Do you personally believe that any progress could be made—

"MR. McCORMICK: No—

"THE COURT: —not in violence to anybody's judgment.

"MR. McCORMICK: No, sir.

"THE COURT: That's your opinion?

"MR. McCORMICK: Yes, sir.

"THE COURT: Does anybody on the jury disagree with the foreman? Does anybody believe, in other words, that it would serve a useful purpose for the jury to further deliberate on that case?

I take it, then, you are all in accord in at least one thing, and that is that you agree to disagree; is that the collective judgment of you people?"

Nevertheless, the court made another attempt and sent the jurors back for further deliberation. At 12:20 a. m. the jury returned:

> "THE COURT: Let the record show the presence of the jury, waiver of roll call, presence of the defendant and counsel.
>
> Mr. Foreman, in cause number 74699, the State against Manuel Robert Ramirez, has the jury arrived at a verdict?
>
> "MR. McCORMICK: CR–74699?
>
> "THE COURT: Yes.
>
> "MR. McCORMICK: Yes, sir, we have.
>
> "THE COURT: Please hand it to the bailiff.
>
> The clerk will read and enter the verdict.
>
> "THE CLERK: 'In the Superior Court of Maricopa County, State of Arizona. 'State of Arizona versus Manuel Robert Ramirez, defendant.
>
> 'Verdict number CR–74699.
>
> 'We, the jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find the defendant, Manuel Robert Ramirez, guilty of assault with a deadly weapon, a felony. 'Paul D. McCormick, foreman.'
>
> Is this your verdict, so say you one and all?
>
> "THE COURT: Does the defendant desire to have the jury polled on that verdict?
>
> "MR. POLLOCK: No, Your Honor.
>
> "THE COURT: Very well.
>
> The clerk will enter the verdict in the record.
>
> Now, in cause number 74108, I take it you have not arrived at a verdict?
>
> "MR. McCORMICK: No, sir.
>
> "THE COURT: Is that correct?
>
> "MR. McCORMICK: Yes, sir."

The judge further questioned the jury and two jurors indicated they would like to continue deliberation, but it appeared that the jury was still deadlocked at 9–3 and the court on its own motion but without objection by either party declared a mistrial, the court stating:

> "It is therefore ordered and declaring it a mistrial. The defendant may remain free on his bond pending a new trial date in cause 74108, conditioned upon being a law abiding citizen, upon staying in contact with his attorney at all times and appearing for all court matters."

■ We have reviewed the transcript and taking into account all the circumstances it appears that there would have been little hope that the jury could have agreed on a verdict. We find no abuse of the trial court's discretion in the finding that the jury was unable to agree in declaring a mistrial. As the 5th Circuit Court has stated:

> "There is no mechanical formula to be applied, but rather the focus is upon the propriety of the trial judge's exercise of his discretion in granting the mistrial, taking into account all circumstances relevant to the particular trial. (citation omitted)." United States v. Moon, 491 F.2d 1047, 1049 (5th Cir. 1974).

We find no error.

## DOUBLE JEOPARDY AND COLLATERAL ESTOPPEL

■ The law is clear that if the mistrial is properly ordered there is no double jeopardy when the defendant is retried. United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971).

> "The issue resolves itself into whether under all the circumstances the trial judge acted in the exercise of sound discretion by declaring a mistrial. If he did, there is no double jeopardy and the defendant was properly tried. If he did not, the defendant should not have been retried." State v. Moore, 108 Ariz. 532, 535, 502 P.2d 1351, 1354 (1972).

In the instant case we have found that the mistrial was properly declared.

Defendant contends, however, that the defendant though charged with the crime of assault with intent to commit murder was found guilty of assault with a deadly weapon and was therefore acquitted of any attempt to commit murder. Stated differently, the defendant contends that the intent relied upon to support the crime of assault with intent to commit murder on Anna Ramirez and which intent the jury rejected in finding the defendant guilty of assault with a deadly weapon was the same intent used to sustain a conviction of the murder of Jayne Vigil. We disagree. Specific intent to commit a homicide is not an element of murder in the second degree. State v. Schroeder, 95 Ariz. 255, 260, 389 P.2d 255, 258 (1964).

It would not be inconsistent under the facts in the instant case to find the defendant guilty of assault with a deadly weapon and of murder, second degree. We do not believe that the failure of the jury to find the defendant assaulted Anna Ramirez with intent to commit murder precludes either at the same trial or later a finding of second degree murder of Jayne Vigil.

We find no error.

## DOUBLE PUNISHMENT

The appellant next contends that A.R.S. § 13–1641 prohibits the State from punishing him for murdering Jayne Vigil and assaulting Anna Ramirez because the two charges are predicated on a single act. We disagree.

There were two shots fired and there were two separate offenses. The defendant killed Jayne Vigil and was guilty of murder in the second degree. When all the elements of murder are removed the remaining facts still support a conviction for assault with a deadly weapon upon Anna Ramirez. State v. Tinghitella, 108 Ariz. 1, 491 P.2d 834 (1972). We find no error.

## SPEEDY TRIAL

Lastly defendant contends he was denied the right to speedy trial when he was not retried until almost 11 months after the declaration of the mistrial. There was no demand by the defendant for a speedy trial and the matter is raised for the first time on appeal. In any event the matter was tried to the court on the transcript of the original proceedings. We cannot find any prejudice to the defendant under these circumstances. This case was tried under the old Rules of Criminal Procedure. The new Rules of Criminal Procedure 1973 providing a strict time limit within which a person must be retried after a mistrial, Rule 8.2(d) Rules of Criminal Procedure 1973, 17 A.R.S., do not apply to this case. We find no error.

Judgment and conviction affirmed.

STRUCKMEYER, V. C. J., and LOCKWOOD, HAYS and HOLOHAN, JJ., concur.