IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

THE STATE OF ARIZONA,
*Appellee,*

*v.*

STEPHEN DOUGLAS REEVES ,
*Appellant.*

No. CR-11-0157-AP
Filed October 23, 2013

Appeal from the Superior Court in Maricopa County
The Honorable Arthur T. Anderson, Judge
No. CR2007-135527-001
**AFFIRMED**

COUNSEL:

Thomas C. Horne, Arizona Attorney General, Jeffrey A. Zick, Chief Counsel, Criminal Appeals/Capital Litigation, Matthew H. Binford (argued), Assistant Attorney General, Phoenix, for State of Arizona

Bruce F. Peterson, Maricopa County Office of the Legal Advocate, Consuelo M. Ohanesian (argued), Deputy Legal Advocate, Phoenix, for Stephen Douglas Reeves

VICE CHIEF JUSTICE BALES authored the opinion of the Court, in which CHIEF JUSTICE BERCH, JUSTICE PELANDER, JUSTICE BRUTINEL, and JUSTICE TIMMER joined.

VICE CHIEF JUSTICE BALES, opinion of the Court:

¶1          This automatic appeal arises from Stephen Douglas Reeves's conviction and death sentence for the murder of Norma Gabriella Contreras.  We have jurisdiction under Article 6, Section 5(3) of the Arizona Constitution and A.R.S. §§ 13-4031 and 13-4033(A)(1).

## BACKGROUND

¶2        One Saturday morning in June 2007, Reeves entered an office where eighteen-year-old Contreras was working alone.  Reeves asked if the office was hiring; she said no, and he left.  About five minutes later, Reeves returned carrying a piece of concrete and demanded her car keys and cell phone.  Contreras attempted to push an alarm button. Reeves, who was much larger than Contreras, forced her to the floor and straddled her.  For about eight minutes, while Contreras screamed and struggled, Reeves beat her, hit her with the concrete, wrenched her neck, and attempted to strangle her with his hands and a piece of wood. Finally, he retrieved a box cutter from another room and slit her throat. He turned off the lights and dragged her body into a back room. Meanwhile, people at another office who had heard Contreras scream called 911.  Police arrested Reeves shortly after he drove away in Contreras's car.  He had her cell phone in his pocket.

¶3        Reeves was convicted of first degree murder, armed robbery, first degree burglary, kidnapping, and theft of a means of transportation. The jury found three aggravating circumstances: Reeves had previously been convicted of a serious offense; the murder was especially cruel, heinous, or depraved; and Reeves was on release at the time of the offense.  A.R.S. § 13-751(F)(2), (F)(6), (F)(7)(a).  The jury could not reach a verdict on a fourth alleged aggravator — that Reeves murdered Contreras for pecuniary gain.  *Id*. § 13-751(F)(5).  The jury also could not reach a verdict on the appropriate sentence, and the trial judge declared a mistrial as to the penalty phase.  A second jury found the pecuniary gain aggravator and determined that Reeves should be sentenced to death for the murder.  In addition to the death sentence, the trial court  imposed prison sentences totaling forty-two years for the other convictions.

## DISCUSSION

### A.    Declaration of Mistrial and Denial of Motion to Dismiss

¶4        Reeves contends that the trial court abused its discretion in declaring a mistrial and later denying his motion to dismiss the State's allegation that he should be sentenced to death.

¶5        We examine the totality of the circumstances to determine

whether a trial court abused its discretion in declaring a mistrial. *See State v. Gallardo*, 225 Ariz. 560, 564 ¶ 6, 242 P.3d 159, 163 (2010); *State v. Ramirez*, 111 Ariz. 504, 506, 533 P.2d 671, 673 (1975). Although the Double Jeopardy Clause of the United States Constitution protects a defendant's "valued right to have his trial completed by a particular tribunal," *United States v. Dinitz*, 424 U.S. 600, 606 (1976) (quoting *Wade v. Hunter*, 336 U.S. 684, 689 (1949)), it does not prevent the declaration of a mistrial when a jury cannot reach a verdict, *see Yeager v. United States*, 557 U.S. 110, 118 (2009) ("[A] jury's inability to reach a decision is the kind of 'manifest necessity' that permits the declaration of a mistrial").

**¶6** Here, at the end of the first penalty phase trial, the jury deliberated about forty minutes and then asked the court what would happen if it could not unanimously agree on the sentence. The court referred the jury to its instructions. The next morning, the jury stated that it was still divided and that "each juror [was] firm in their decision," and asked, "What do we do now?" The court gave an impasse instruction. About an hour later, the jurors sent the judge a "statement" declaring that they had exhausted all discussions, could not be unanimous, and had "nothing further to discuss." The judge recalled the jury, read the statement into the record, and asked the foreperson to confirm its accuracy. The trial court then declared a mistrial without objection.

**¶7** Reeves does not dispute that the jury was unable to reach a verdict on the appropriate sentence. By declaring a mistrial under these circumstances, the trial court did not abuse its discretion or violate double jeopardy principles. *See Ramirez*, 111 Ariz. at 505-06, 533 P.2d at 672-73.

**¶8** Nor did the trial court err by denying Reeves's motion to dismiss the death penalty allegation. Reeves argues that retrying the penalty phase violated his rights under the Double Jeopardy Clause and the Eighth Amendment.

**¶9** Reeves's arguments are foreclosed by our recent decision in *State v. Medina*, 232 Ariz. 391, 306 P.3d 48 (2013). There, we noted that "the touchstone for double-jeopardy protection in capital-sentencing proceedings is whether there has been an acquittal." *Id*. at 400 ¶ 20, 306 P.3d at 57 (quoting *Sattazahn v. Pennsylvania*, 537 U.S. 101, 109 (2003)) (internal quotation marks omitted). Because a jury's inability to agree on a sentence does not constitute an acquittal, a penalty phase retrial does not

violate the Double Jeopardy Clause. *Id*. at 400-01 ¶¶ 20-23, 306 P.3d at 57-58. In *Medina*, we also rejected the argument that retrial of the penalty phase was disproportionate punishment under the Eighth Amendment. *Id*. at 401-02 ¶¶ 24-28, 306 P.3d at 58-59. Reeves does not identify any persuasive reason for us to reconsider or distinguish *Medina*.

¶10 Reeves further asserts that Arizona's capital sentencing statutes are unconstitutional because they permit two retrials after a guilty verdict. *See* A.R.S. § 13-752(J)-(K). We need not reach this argument because Reeves was subject to only one retrial. *See State v. Musser*, 194 Ariz. 31, 32 ¶ 5, 977 P.2d 131, 132 (1999) (noting that, subject to First Amendment exceptions, "a person to whom a statute may constitutionally be applied does not have standing to challenge that statute simply because it conceivably could be applied unconstitutionally in other cases"). We also decline to address Reeves's undeveloped argument that the denial of his motion to dismiss violated the double jeopardy provision in Article 2, Section 10 of the Arizona Constitution. *See State v. Bocharski*, 218 Ariz. 476, 486 ¶ 41 n. 9, 189 P.3d 403, 413 n.9 (2008).

## B.     Vagueness Challenge to Death Penalty Statutes

¶11 Reeves contends that Arizona's death penalty statutes are unconstitutionally vague because they fail to provide sufficient guidance on the presentation, at retrial, of evidence of the aggravating circumstances found by the first penalty phase jury. Capital sentencing laws that do not adequately limit a sentencer's discretion violate due process and the Eighth Amendment. *See Gregg v. Georgia*, 428 U.S. 153, 206-07 (1976); *State v. Thompson*, 204 Ariz. 471, 475 ¶ 15, 65 P.3d 420, 424 (2003).

¶12 Under Arizona's capital sentencing scheme, "[a]t the penalty phase, the defendant and the state may present any evidence that is relevant to the determination of whether there is mitigation that is sufficiently substantial to call for leniency." A.R.S. § 13-752(G). When a single factfinder is involved in sequential phases of a capital trial, "any evidence that was presented at any prior phase of the trial shall be deemed admitted as evidence at any subsequent phase of the trial." *Id.* § 13-752(I).

¶13 "Although no provision . . . addresses the admissibility of

aggravation-phase evidence during a second penalty phase," we recently held that "during a second penalty phase, the state and the defendant may introduce evidence pertaining to the aggravating circumstances previously found, subject to § 13–752(G)'s general relevance standard." *State v. Prince*, 226 Ariz. 516, 526 ¶¶ 15, 18, 250 P.3d 1145, 1155 (2011). We thus concluded that the "the statutes governing the second penalty phase provide sufficient guidance" to withstand a vagueness challenge. *Id.* at 527 ¶ 20, 250 P.3d at 1156. We accordingly reject Reeves's argument.

### C.     Exclusion of Evidence of Likelihood of Release

¶14     Before retrial of the penalty phase, Reeves moved to preclude the State from presenting any evidence of his future dangerousness or, alternatively, to permit him to present evidence that he likely would not be released if he received a life sentence. Denying Reeves's motion, the trial court instead granted the State's motion to preclude evidence about the likelihood of release. (The State notes that it did not present evidence at the retrial regarding Reeves's future dangerousness.)

¶15     Reeves's arguments are foreclosed by our recent decision in *State v. Benson*, which held that a trial court did not abuse its discretion by excluding "evidence of the current mechanism for obtaining parole and past actions by the Board of Executive Clemency as a means of predicting what might happen . . . in twenty-five years." 232 Ariz. 452, 466 ¶ 59, 307 P.3d 19, 33 (2013).

### D.     No "Presumption of Death" in Death Penalty Statutes

¶16     Reeves argues that A.R.S. §§ 13-751(C) and (F) create an unconstitutional presumption of death. The Eighth and Fourteenth Amendments require that the sentencer in a capital case be allowed to consider any relevant mitigating evidence. *Lockett v. Ohio*, 438 U.S. 586, 604 (1978). Further, the Eighth Amendment protects a defendant's right to an individualized sentencing determination. *Eddings v. Oklahoma*, 455 U.S. 104, 112 (1982).

¶17     Reeves argues that A.R.S. § 13-751(C), which requires the defendant to prove mitigating circumstances by a preponderance of the evidence, improperly precludes consideration of relevant mitigating

evidence that is "not mitigating enough." The statute also provides that the jury "shall consider as mitigating circumstances any factors proffered by the defendant or the state that are relevant in determining whether to impose a sentence less than death, including any aspect of the defendant's character, propensities or record and any of the circumstances of the offense." A.R.S. § 13-751(G); *State v. Speer*, 221 Ariz. 449, 461 ¶ 61, 212 P.3d 787, 799 (2009).

¶18 Under § 13-751(C), a defendant must prove mitigating circumstances by a preponderance of the evidence. But "jurors do not have to agree unanimously that a mitigating circumstance has been proven to exist," and "[e]ach juror may consider any mitigating circumstance found by that juror in determining the appropriate penalty." *Id*. These provisions do not prevent jurors from considering particular types of mitigation evidence, and "it does not follow from *Lockett* and its progeny that a State is precluded from specifying how mitigating circumstances are to be proved." *Walton v. Arizona*, 497 U.S. 639, 649 (1990), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 608-09 (2002). We therefore reject Reeves's argument that § 13-751(C) improperly limits any juror's consideration of mitigating evidence. *See Walton*, 497 U.S. at 649-51 (rejecting similar argument); *id.* at 674 (Scalia, J., concurring in part and concurring in the judgment).

¶19 Reeves also argues that Arizona law "unconstitutionally presumes that death is the appropriate default sentence once the jury finds one aggravating factor." But as he acknowledges, the Court has previously rejected similar arguments.

> [Arizona's] statutory scheme contains no presumption of death. Neither party bears the burden of persuading the jury that the mitigation is sufficiently substantial to call for leniency; that determination "is not a fact question to be decided based on the weight of the evidence, but rather is a sentencing decision to be made by each juror based upon the juror's assessment of the quality and significance of the mitigating evidence that the juror has found to exist."

*Speer*, 221 Ariz. at 461 ¶ 65, 212 P.3d at 799 (*quoting State ex rel. Thomas v. Granville (Baldwin)*, 211 Ariz. 468, 473 ¶ 21, 123 P.3d 662, 667 (2005)). We decline to revisit those decisions.

### E.      Abuse of Discretion Review

¶20      Because Reeves murdered Contreras after August 1, 2002, we review the jury's imposition of a death sentence for abuse of discretion.  A.R.S. § 13-756(A).  A finding of an aggravating circumstance is not an abuse of discretion if there is reasonable evidence in the record to sustain it.  *State v. Manuel*, 229 Ariz. 1, 9 ¶ 42, 270 P.3d 828, 836 (2011).  The jury's determination that death is the appropriate sentence will not be reversed "so long as any reasonable jury could have concluded that the mitigation established by the defendant was not sufficiently substantial to call for leniency."  *Id.* (quoting *State v. Morris*, 215 Ariz. 324, 341 ¶ 81, 160 P.3d at 203, 220 (2007)).

### 1.      Aggravating Circumstances

¶21      Reeves does not contest the sufficiency of the evidence to support three of the aggravators found by the jury − (F)(2) (previous conviction of a serious offense), (F)(5) (pecuniary gain), and (F)(7)(a) (murder commited while on release).  Because the record supports these findings, the jury did not abuse its discretion.

¶22      At oral argument  in this Court, Reeves's counsel questioned whether sufficient evidence supported a finding of the (F)(6) aggravating factor based on a determination that the murder was especially heinous or depraved.  The State argued that this aggravator was established because Contreras was helpless, the murder was senseless, and Reeves relished the murder.  *See, e.g., State v. Greene*, 192 Ariz. 431, 439 ¶ 33, 967 P.2d 106, 114 (1998) (discussing circumstances in which murder is especially heinous or depraved).  It is unnecessary, however, for us to assess the sufficiency of the evidence to support a finding that the murder was especially heinous or depraved because the jury returned a special verdict finding the murder was also committed in an especially cruel manner.  *See Benson*, 232 Ariz. at 464 ¶  48, 307 P.3d at 31 (recognizing that (F)(6) aggravating circumstance may be based on a finding that murder was especially cruel or that murder was especially heinous or depraved).  To prove that a murder was especially cruel, the State had to prove that Contreras experienced physical or mental pain and that Reeves knew or should have known that she would suffer.  *See State v. Boyston*, 231 Ariz. 539, 554 ¶ 77, 298 P.3d 887, 902 (2013).  The record amply supports the jury's finding that the murder was especially cruel.

### 2. Mitigating Circumstances

¶23        "The defendant must prove the existence of the mitigating circumstances by a preponderance of the evidence," but "the jurors do not have to agree unanimously that a mitigating circumstance has been proven to exist." A.R.S. § 13-751(C).

¶24        During the penalty phase, Reeves allocuted and apologized for the pain he had caused Contreras and her family. As both a statutory and non-statutory mitigating circumstance, he presented evidence in support of his claim that he was intoxicated from drugs and alcohol at the time of the murder. As additional mitigating factors, Reeves offered evidence to support allegations that (1) he suffers from a longstanding substance abuse disorder, (2) he has a co-occurring mental disorder, (3) his conditions are treatable, (4) his parents abused alcohol, (5) he was emotionally abused and neglected as a child, (6) he had made positive contributions to the community through his previous military service and work as an electrician, (7) he behaved well while incarcerated, (8) he was remorseful, and (9) he loves and is loved by his family. In rebuttal, the State offered evidence to dispute many of the claimed mitigating circumstances, including Reeves's alleged intoxication, mental condition, and remorse, and it urged the jurors to give little weight to any mitigation.

### 3. Propriety of Death Sentence

¶25        Given the four aggravating circumstances and the mitigation presented, a reasonable juror could conclude that the mitigating circumstances were not sufficiently substantial to call for leniency.

### F. Additional Issues

¶26        Stating that he seeks to preserve certain issues for federal review, Reeves lists seventeen other constitutional claims and previous decisions rejecting them. We decline to revisit these claims.

### CONCLUSION

¶27        We affirm Reeves's convictions and sentences.