552 P.2d 451

**STATE of Arizona, Appellee,**

v.

**Jerry Lynn MADRID, t/n Jerri Lynn Madrid, and Jim James Madrid, Appellants.**

**Nos. 3496 and 3505.**

Supreme Court of Arizona,
In Banc.
July 1, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Lynn Hamilton and Thomas G. Bakker, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Rudy J. Gerber, Deputy Public Defender, Phoenix, for appellant Jerry Lynn Madrid, t/n Jerri Lynn Madrid.

Hadley & Lea by Stephen R. Lea, Phoenix, for appellant Jim James Madrid.

HOLOHAN, Justice.

Appellants, Jerri Lynn Madrid and her husband, Jim James Madrid, were found guilty of second degree burglary and both were sentenced to confinement for not less than three nor more than five years. A timely appeal was filed by each of them.

Their cases were ordered consolidated for purposes of appeal. This Court assumed jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

We are asked by both appellants to answer the following questions on appeal:

1. Were the defendants placed in double jeopardy?

2. Were the defendants improperly convicted of burglary instead of theft?

Additionally, appellant Jim Madrid raises a separate issue:

3. Was the court's admission into evidence of defendants' prior conduct reversible error?

Appellants Jim James Madrid, Jerri Lynn Madrid, and a third party, Damon Vincent Swaim, were arrested on October 11, 1974 and charged with second degree burglary of a U-Totem convenience market. Appellants and co-defendant Swaim were tried together, but the trial was not completed because the trial court granted appellants' motion for a mistrial on the third day of the trial.

The incident causing the mistrial occurred when counsel for the co-defendant Swaim stated in his opening statement to the jury that his defendant was "not afraid to take the stand, to show that he is innocent of the crime charged. . . ." Counsel for each appellant moved for a mistrial arguing that the comment by the co-defendant's counsel was a prejudicial reference to appellants' failure to take the witness stand. After hearing argument, the trial court granted the motion of appellants.

After the mistrial the case was reset for trial. Appellants agreed to submit the case to the trial court, without a jury, based on the testimony of the former trial. After extensive questioning of appellants by the trial court, the finding was made that the submission was made knowingly and voluntarily; therefore the trial court agreed to allow the case to be submitted on the trial transcript.

After considering the evidence the trial court found both appellants guilty of second degree burglary.

■ Appellants maintain that they should not have been retried, and the second trial was double jeopardy. The state argues that if a mistrial was properly ordered there is no double jeopardy when the defendant is retried. *State v. Ramirez,* 111 Ariz. 504, 533 P.2d 671 (1975); *State v. Moore,* 108 Ariz. 532, 502 P.2d 1351 (1972). The real point is that the appellants asked for the mistrial. They exercised their option not to go to the first jury. Absent prosecutorial or judicial overreaching, a motion by a defendant for mistrial removes any barrier to reprosecution. *United States v. Jorn,* 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971). The co-defendant, not the prosecution or court, caused the event upon which appellants sought a mistrial. The appellants having sought the mistrial may, under the Constitution, be retried.

Appellants next assert that the Arizona burglary statutes, A.R.S. §§ 13–301 and 302, are unconstitutionally vague because they improperly penalize a person for legal entry into establishments which are open to the public, and they cause confusion in attempting to distinguish the crimes of theft, shoplifting and burglary. Appellants contend that theft, not burglary, is the proper charge against a person who has stolen items after making a legal entry into a commercial establishment.

■ The elements of breaking and unlawful entry are not essential to statutory burglary in Arizona. In Re Appeal in Maricopa County, Juvenile Action No. J–75755, 111 Ariz. 103, 523 P.2d 1304 (1974); *McCreary v. State,* 25 Ariz. 1, 212 P. 336 (1923).

■ Burglary, theft, and shoplifting each have clearly defined elements. Burglary may be distinguished from the crime of theft and shoplifting in that the intent to commit a theft or any felony must be formed at the time of entry, *State v. Verde,* 105 Ariz. 113, 460 P.2d 7 (1969), and no actual taking is required. *State v.*

**292**

*Hutton*, 87 Ariz. 176, 349 P.2d 187 (1960). The evidence presented at trial established that appellants had formed an intent to steal prior to their entry into the market.

Appellant Jim James Madrid challenges the trial court's admission into evidence of defendants' prior conduct on the day of the crime. Counsel for appellant Jim James Madrid filed with the court a motion *in limine* requesting that any evidence whatsoever of the appellant's conduct or acts prior to the alleged offense not be admitted into evidence or considered by the court in its rulings.

The motion was specifically directed at evidence that tended to show a pattern of stopping at convenience markets throughout the Phoenix area during a three-hour period immediately preceding the commission of the instant offense. Appellants were under constant police surveillance between the hours of 11:00 a.m. to 2:00 p.m. on October 11, 1974. When the appellants were arrested, the car in which they had been riding had some 70 food items scattered on its floor. The items were unbagged and no sales slips were found. The only instance in which the appellants were directly observed taking any merchandise was in the last market.

The trial court admitted the evidence of appellants' activities immediately preceding the burglary under the "complete story" doctrine. *State v. Villavicencio*, 95 Ariz. 199, 388 P.2d 245 (1964). The evidence of the appellants' activities was material and relevant to give the jury a complete account of what took place so that there could be a full understanding of the conduct of the appellants and their co-defendant. *State v. Collins*, 111 Ariz. 303, 528 P.2d 829 (1974); *State v. Albe*, 10 Ariz. App. 545, 460 P.2d 651 (1969). It was not error for the trial court to admit the evidence of the prior activities of appellants.

Affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.