553 P.2d 667

**STATE of Arizona, Appellee,**

v.

**Rennia WRIGHT, Jr., Appellant.**

**No. 3469.**

Supreme Court of Arizona,
In Banc.

July 15, 1976.

**314**

Bruce E. Babbitt, Atty. Gen., by William J. Schafer III, Chief Counsel, Shirley H. Frondorf, Asst. Atty. Gen., Phoenix, for appellee.

V. Gene Lewter, Phoenix, for appellant.

STRUCKMEYER, Vice Chief Justice.

Appellant, Rennia Wright, was charged with possession of heroin for sale, in violation of A.R.S. § 36–1002.01. His case was submitted for decision to the Superior Court on the basis of the grand jury transcript and a chemist's report. After being found guilty, he was sentenced to not less than five nor more than fifteen years imprisonment, and he appeals.

Appellant urges that he was denied due process of law because of the failure to receive a speedy trial as guaranteed by the Arizona and United States constitutions. His position is bottomed on these facts. Appellant was arrested on June 16, 1973 and released on bond two days later. On August 2, 1973, a grand jury returned an indictment charging appellant with possession of heroin for sale and possession of marijuana. His arraignment was held on August 14, 1973, at which time, being represented by counsel, he waived the 60-day requirement of Rule 236, 1956 Arizona Rules of Criminal Procedure, 17 A.R.S.,

and trial was set for October 1, 1973. On September 28, 1973, the defense made a motion for a trial continuance, which was granted, and the trial was reset for October 24, 1973.

On October 2, 1973, appellant was arrested for selling heroin, a violation of A.R.S. § 36–1002.02 (hereafter referred to as the second crime). He was taken into custody and has remained incarcerated ever since.

On October 22, 1973, appellant's counsel made a motion to withdraw from the case because of a conflict of interest and what was termed a violation of "promises and conditions" made to him by appellant. The motion was granted on October 24, 1973, a public defender was appointed in his stead and the trial was reset for November 8, 1973. Trial was not held on that date. All that the record before us shows is a minute entry on November 13, 1973 continuing the trial until December 3, 1973 because of "good cause appearing." Trial was not had on December 3, 1973. The next entry in the record is on December 10, 1973. It is an order vacating the trial in accordance with a stay order.

On December 18, 1973, we accepted jurisdiction in a special action. The subject matter of the special action concerned the second crime. This was decided adversely to appellant, *see Wright v. Superior Court*, 110 Ariz. 265, 517 P.2d 1261 (1974). On January 28, 1974, our mandate issued to the Superior Court to continue with the proceeding against Wright, and on February 5, 1974, his trial was reset for March 26, 1974.

Once again trial was not had on the scheduled date. The next entry in the record indicates that on April 10, 1974 a plea agreement was entered into whereby appellant agreed to plead guilty to possession of heroin for sale and the State agreed to dismiss the charge of possession of marijuana. The Superior Court accepted the plea agreement and sentencing was scheduled

for May 7, 1974. Instead, on May 9, 1974, the appellant moved to withdraw his plea of guilty. This motion was granted, a plea of not guilty was entered, and the trial was reset for June 12, 1974 for both crimes.[1] On May 24, 1974, three names were submitted by the attorneys for a change of judge. On June 12, 1974, the record indicates that the case was assigned to Judge David M. Lurie, but trial on the first crime was not then held. Trial on the second crime was commenced on June 12, 1974, but ended in a mistrial. Second and third trials were held in July, 1974, the second also ending in mistrial, the third ending in a conviction for which appellant was sentenced to ten to twenty years imprisonment.[2]

On July 5, 1974, the trial for the first crime was set for July 18, 1974. Trial was held on that date for the second crime but not for the first. The next entry of record appears on August 12, 1974, at which time the case was transferred to Division H of the Maricopa County Superior Court. On September 19, 1974, a motion to suppress was filed, and on October 4, 1974 was heard and denied. Trial was reset for October 25, 1974. On October 21, 1974, appellant filed a memorandum in support of a motion for change of judge. A change of judge was accomplished by stipulation on October 25, 1974, but no trial was had on that date. Repeated unexplained delays in the trial dates follow. Minute entries simply indicate the resetting of the trial date without further explanation. On November 26, 1974, trial was reset for January 13, 1975; on January 13, 1975, for February 18, 1975; and on February 18, 1975, for March 17, 1975.[3]

On March 17, 1975, appellant made a motion to dismiss the indictment on the grounds that he had not been given a speedy trial. This was denied. It was at this point that appellant submitted his case to the trial court on the basis of the grand jury transcript and a chemist's report. From the time of appellant's arrest for the first crime until the finding of guilt, 639 days passed, nearly one year and nine months.

■ The United States Supreme Court's decision in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), is the leading case dealing with the right to a speedy trial. Four factors were delineated by the Court which must be considered in deciding if the constitutional right has been denied. Courts must balance the length of the delay, the reasons for it, the defendant's assertion of his right, and any prejudice caused thereby. No one factor is controlling. *Moore v. Arizona*, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973); *State v. Brannin*, 109 Ariz. 525, 514 P.2d 446 (1973). In *Barker v. Wingo, supra*, the United States Supreme Court affirmed when there was a delay of five years. The length of the delay is the least conclusive of the factors and, where substantial, merely acts as a triggering mechanism necessitating analysis of the other factors. *Barker v. Wingo, supra*, 407 U.S. at 530–531, 92 S.Ct. 2182; *State v. McDonald*, 111 Ariz. 159, 526 P.2d 698 (1974); *State v. Brannin, supra*, 109 Ariz. at 528, 514 P.2d 446.

■ Much of the record in this case consists of minute entries of a summary nature which give no clue as to the underlying reasons for the repeated delays. We will therefore assume that the State was responsible for all the delay except 157 days which were caused by or on behalf of

1. The trial on the second crime also had been set for March 26, 1974, but was continued to April 10, 1974. On that date, apparently as part of the plea agreement, appellant pled guilty to the second crime.

2. The conviction was affirmed by this Court in 112 Ariz. 446, 543 P.2d 434 (1975).

3. The record does indicate that the county attorney objected to this last continuance, but does not indicate that appellant had made the motion for continuance.

appellant.[4] No valid reason appears for the delay of the other 482 days. It was plainly excessive. We do not find, however, any indication of a deliberate attempt to prejudice the defense.

The failure of a defendant to demand a speedy trial does not waive the right thereto, *Barker v. Wingo*, supra, 407 U.S. at 528, 92 S.Ct. 2182; *State v. McDonald*, supra, 111 Ariz. at 162, 526 P.2d 698; *State v. Maldonado*, 92 Ariz. 70, 373 P.2d 583 (1962); but it is one factor to be considered along with the others. Appellant did not object to the repeated postponements until March 17, 1975, although the prosecution had objected to further postponements on February 18, 1975.

Appellant argues that his defense was severely hampered because of the death of his principal witness during the period of the delay. This witness died on February 1, 1974, 230 days after appellant's arrest. In that time, appellant was responsible for 90 days of delay, leaving a balance of 140 days. As stated, on August 14, 1973, appellant waived the requirement of Rule 236, Arizona Rules of Criminal Procedure, 1956, that trial begin within 60 days after an indictment has been found. The bulk of the delay therefore occurred after the witness' death and the delay caused by the State before the death of the witness was waived by appellant. No reasonable claim can be made that evidence or witnesses were lost through the delay caused by the State. We do not find prejudice necessitating a dismissal of the indictment.

Appellant also argues that his ability to defend himself was impaired because of his incarceration for the second crime and relies on the decision in *Smith*

*v. Hooey*, 393 U.S. 374, 89 S.Ct. 575, 21 L. Ed.2d 607 (1969). We do not think that case supports appellant's position. *Smith v. Hooey* was a case in which a defendant was charged with a state crime while serving a sentence in another jurisdiction. The United States Supreme Court pointed out that one already in prison could still suffer from "undue and oppressive incarceration prior to trial," because of his decreased chance of receiving a concurrent sentence with the one already being served. *See also, Strunk v. United States*, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973). In this instance, however, no prejudice has been caused appellant because his sentence of five to fifteen years imprisonment on the first crime was ordered to be served from October 2, 1973. It is therefore a lesser sentence made to run concurrent with the ten to twenty years imprisonment for the second crime.

In addition, the pendency of these charges did not adversely affect appellant's chances for parole, clemency, or pardon. Appellant will not be eligible for parole until one-third of his maximum sentence of twenty years has been served, A.R.S. § 31–411. Trial on the first crime was not delayed 6⅔ years and the pendency of the other charges does not, by law, prevent a defendant from receiving clemency or a pardon if he is otherwise eligible. *See generally*, A.R.S. §§ 31–441 to 31–444.

A careful examination of all the circumstances of this case establishes that the State's unreasonable delay is outweighed by appellant's lack of objection and the utter want of prejudice to him. We, however, repeat and emphasize our language of three years ago:

"The County Attorney has the primary responsibility in seeing that the speedy

---

4. Those delays, made by or on behalf of the appellant, involved:
   (1) the continuance of September 28, 1973 to October 24, 1973;
   (2) the withdrawal of counsel, October 24, 1973 to November 8, 1973;
   (3) the stay order from December 10, 1973 to January 28, 1974;

(4) the plea agreement of April 10, 1974 to its withdrawal on May 9, 1974;
(5) the change of judge proceedings, May 24, 1974 to June 12, 1974 and October 21 to 25, 1974; and
(6) the motion to suppress, September 19, 1974 to October 4, 1974.

trial requirements of the State of Arizona and the United States Constitution are met, and it is no defense that the defendant asked for some of the delays and acquiesced in others. In failing to vigorously pursue this prosecution, he risked losing the case. If the defendant is innocent, he is entitled to go free as soon as possible; if he is not, the public is entitled to have him convicted. * * * [W]e deplore the actions of the County Attorney's office in failing to bring such a serious case quickly to trial * * *." *State v. Brannin,* supra, 109 Ariz. at 529, 514 P.2d at 450.

Appellant finally argues that the Superior Court erred in basing a finding of guilt on the grand jury transcript and the chemist's report for the reason they were never admitted into evidence in the case. Appellant at the trial level raised no objection to the procedure utilized and, in fact, stipulated that the documents would be the basis for the lower court's decision. We find no merit to this asserted claim of error.

Judgment affirmed.

CAMERON, C. J. and HAYS, HOLOHAN, and GORDAN, JJ., concurring.