603 P.2d 555

The STATE of Arizona, Appellee,

v.

Dick Duane JONES, Appellant.

No. 2 CA–CR 1757.

Court of Appeals of Arizona,
Division 2.

Nov. 9, 1979.

Robert K. Corbin, Atty. Gen. by William
J. Schafer III and Barbara A. Jarrett, Asst.
Attys. Gen., Phoenix, for appellee.

Howard A. Kashman, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant Jones was indicted on charges of receiving stolen property and second-degree conspiracy. A jury acquitted him of the first charge but convicted him of second-degree conspiracy under A.R.S. Sec. 13–331(B). Imposition of sentence was suspended and appellant was placed on probation for a period of two years. We affirm his conviction.

 Appellant contends that the state should be estopped from prosecuting him because there was an agreement that he would be placed in the adult diversion program in Pima County and would not be prosecuted. The only evidence of an agreement, °indicates that it was between the federal prosecutor and appellant, and that the county attorney merely agreed to submit appellant's name for consideration by the adult diversion program. There is no evidence that the state agreed it would not prosecute the appellant if the appellant were rejected by the program.

 Appellant's argument that the state is collaterally estopped by the federal prosecution is also without merit. It is basic law that collateral estoppel operates to prevent relitigation of issues. It assumes that the issue has been decided between the parties or others who stand in a similar position. See case note, *Collateral Estoppel, Criminal Proceedings, and Prevention of Contradictory Results*, 18 Ariz.L.Rev. 669, 670 (1976). The federal prosecution was dismissed on motion of the prosecutor, and decided no issues. The state is not collaterally estopped.

 It is appellant's contention that the decision in the federal court to suppress certain statements by appellant is res judicata on that issue in the state court. It is clear from the record that the United States District Court based its decision on Rule 86 of the local rules of procedure for the United States District Court of Arizona. This rule prevents the use of statements not disclosed to the defendant at least 15 days prior to trial. The substantive issue of the admissibility of the statement was never addressed. Therefore, this decision cannot be res judicata on the issue of the admissibility of the statements.

 It is contended that appellant was denied due process of law by violation of his right to a speedy trial. It is argued that the unconstitutional delay occurred between the termination of the federal prosecution and his indictment by the state. Four factors to be considered in deciding whether the constitutional right to a speedy trial is violated are: (1) length of delay, (2) the reason for delay, (3) defendant's assertion of the right, and (4) prejudice caused defendant. Appellant concedes that it was only a one-month delay between the termination of the federal prosecution and the commencement of the state action. He fails to indicate how he was prejudiced by this one-month delay and we find no prejudice. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *State v. Parker*, 116 Ariz. 3, 567 P.2d 319 (1977).

*Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967) cited by appellant to support his contention that he was denied the due process of law by the delay is inapposite. In that case the prosecution attempted to use a technique that would allow it to reinstate the prosecution of the defendant at any time in the future. Here the federal prosecution ended and the state prosecution began within one month.

 Appellant next argues that the court erred in not granting a mistrial after the prosecutor mentioned in opening statements that the defendant had come into possession of the guns by trading marijuana for them. A witness also testified that the guns had been received in a trade for marijuana. There was no error. The testimony was properly admitted to show the entire circumstances of the crime, to complete the story. See Rule 404(b), Arizona Rules of Evidence.

Affirmed.

RICHMOND, C. J., and HATHAWAY, J., concur.