609 P.2d 58

**STATE of Arizona, Appellee,**

v.

**Alonzo Morine MATA, Appellant.**

No. 4105.

Supreme Court of Arizona,
In Banc.

March 11, 1980.

Rehearing Denied April 15, 1980.

Robert K. Corbin, Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., Lynn Hamilton, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, John Foreman, Deputy Public Defender, Phoenix, for appellant.

GORDON, Justice:

Defendant Alonzo Morine Mata appeals his conviction for first degree murder and his life sentence without possibility of parole for twenty-five years. Jurisdiction is mandated by A.R.S. § 13–4031. We affirm.

Defendant was tried jointly with his brother and codefendant, Luis Morine Mata, in a jury trial which began on October 4, 1977. The facts of this case are described in the opinion in *State v. Luis Morine Mata*, 125 Ariz. 233, 609 P.2d 48 (1980). Originally sentenced to death, defendant was resentenced to life in prison, upon remand pursuant to *State v. Watson*, 120 Ariz. 441, 586 P.2d 1253 (1978), *cert. denied*, 440 U.S. 924, 99 S.Ct. 1254, 59 L.Ed.2d 478 (1979).

Defendant raises the following issues on appeal:

(1) The warrantless search of Luis Mata's apartment was illegal, and the fruits of that search should have been suppressed;

(2) Defendant's Sixth Amendment confrontation right was violated when the court restricted cross-examination of the victim's former boyfriend;

(3) The trial court erred in refusing to sever the trial of defendant from that of his brother;

(4) Defendant was denied a fair trial because of improper conduct by the trial judge.

## WARRANTLESS SEARCH AND SEIZURE

Defendant first contends that the warrantless search of Luis Mata's apartment was illegal and that the fruits of that search, later introduced as evidence against both defendants, should have been suppressed. This challenge was considered and rejected in the companion case of *State v. Luis Morine Mata, supra.* For the same reasons, we find no error as to the defendant Alonzo Mata.

## RESTRICTED CROSS–EXAMINATION

At trial, the court would not allow the victim's former boyfriend to testify that the victim had told him that she had prostituted herself with Luis Mata in exchange for heroin, approximately one month before her death. Defendant argues that this testimony would have shown that Luis had a motive to kill the victim which was not shared by Alonzo and that this, therefore, would tend to show the non-participation of Alonzo in the killing.[1] Defendant concludes that the preclusion of the testimony violated his Sixth Amendment right to fully cross-examine the witnesses presented against him, citing *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) and *United States v. Carreon,* 572 F.2d 683 (9th Cir. 1978).

The trial judge rejected the proffered testimony for several reasons. He con-

sidered it unreliable hearsay, because the victim was high on heroin when she made the statement, and because there was no other independent evidence to support it. He also believed that the testimony was irrelevant, because the exchange of sexual favors for drugs a month before the victim's death would not establish a motive to kill on Luis' part.

Additionally, the judge based his ruling on 17A A.R.S., Rules of Evidence, Rule 403, which gives the trial court discretion to exclude even relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice. Characterizing the evidence as, in reality, an attack on the victim's character, the judge viewed it as an attempt to reveal to the jury that the victim was a prostitute and, thus, as highly prejudicial.

We agree with both the court's ruling and with its reasoning, and we, therefore, find no error.

## DENIAL OF SEVERANCE

Defendant asserts that the court erred in failing to sever the trials of the two brothers for three reasons. First, defendant claims that the failure to sever prevented him from presenting exculpatory evidence.

At trial, defendant moved for severance when he was precluded from questioning the victim's former boyfriend about the victim's alleged admission to him that she had given Luis sexual favors in exchange for drugs, as discussed above. Defendant argues that introduction of the evidence was necessary to promote a fair determination of his guilt or innocence, 17 A.R.S.,

---

1. Defendant also contends that the judge prevented him from presenting other evidence tending to show that Luis was the aggressor. Defendant cites a portion of the trial transcript wherein the court at first granted a motion by co-defendant to strike the following question and answer asked of Detective Dan Dryden by defendant's attorney in cross-examination:

"Q. Now, when you were talking with Luis did Luis mention something about he wanted to take the blame?

"A. Yes. Well, he asked, is there some way that I can take the blame."

Defendant is apparently unaware that, during the discussion that subsequently ensued out of the jury's hearing, the judge changed his initial position and overruled the objection of co-defendant's counsel. Thus, defendant was not precluded from presenting the evidence.

Rules of Criminal Procedure, Rule 13.4(a),[2] and that a separate trial would have afforded him the opportunity to present the evidence.

For the reasons delineated above, we consider the evidence inadmissible in either a joint or separate trial. The court correctly denied severance on this basis.

Defendant next proffers the argument that failure to sever permitted the improper admission of Luis Mata's confession through the testimony of Detective Dan Dryden. Citing *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), he contends that the introduction at a joint trial of a non-testifying defendant's confession, which incriminates a co-defendant, violates the Sixth Amendment's confrontation clause. We have discussed and adjudicated this issue in *State v. Luis Morine Mata, supra*. Defendant's argument must fail for the same reason that his co-defendant's challenge did not succeed.

Defendant's final contention regarding the failure to sever is that the joint trial deprived him of his right to a speedy trial under 17 A.R.S., Rules of Criminal Procedure, Rule 8. He argues that a lengthy delay caused by his co-defendant's mental examination and competency determination should not have been considered excludable time as to him, because there was no good cause for denying severance, as required by 17 A.R.S. Rules of Criminal Procedure, Rule 8.4(e).[3]

Defendant has waived this challenge to the failure to sever, because his motion to sever was *withdrawn* at a September 27, 1977 hearing held on a motion to continue, in which defendant joined. Clearly, this constituted a waiver of the time limits set by Rule 8. *Cf. State v. Parker*, 116 Ariz. 3, 567 P.2d 319 (1977); *State v. Brannin*, 109 Ariz. 525, 514 P.2d 446 (1973).

## JUDICIAL MISCONDUCT

Defendant raises the issue of judicial comment upon the defendant's failure to testify and improper communications between the judge and jury. Our opinion in *State v. Luis Morine Mata, supra*, is dispositive of both of these challenges. We find no error.

Additionally, defendant cites a number of incidents, which he contends demonstrate that the judge repeatedly commented on the evidence and acted as "a third advocate in the arena rather than a neutral and impartial arbiter of the law." After carefully examining all the allegations of error in context within the trial transcript, we are convinced that these allegations are totally without merit. They are, in fact, of such little significance that to discuss them individually would add undue length to this opinion.

The judgment and sentence of the Superior Court are affirmed.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and CAMERON, JJ., concur.

---

2. Rule 13.4(a) provides:

"In General. Whenever 2 or more offenses or 2 or more defendants have been joined for trial, and severance of any or all offenses, or of any or all defendants, or both, is necessary to promote a fair determination of the guilt or innocence of any defendant of any offense, the court may on its own initiative, and shall on motion of a party, order such severance.

3. Rule 8.4 provides:

"The following periods shall be excluded from the computation of the time limits set forth in Rules 8.2 and 8.3:

"a. Delays occasioned by or on behalf of the defendant, including, but not limited to, delays caused by an examination and hearing to determine competency, the defendant's absence or incompetence, or his inability to be arrested or taken into custody in Arizona.

\*　\*　\*　\*　\*　\*

"e. Delays resulting from joinder for trial with another defendant as to whom the time limits have not run when there is good cause for denying severance. In all other cases, severance should be granted to preserve the applicable time limits.